## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ADMIRAL INDEMNITY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | |
| v. | ) | NO. 1:25-cv-00414-SEG |
| | ) | |
| THE LANDMARK CONDOMINIUM ASSOCIATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S 1ST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW**, The Landmark Condominium Association, Inc. ("Defendant"), by and through the undersigned counsel, and pursuant to F.R.C.P. 15(a)(1)(A), and hereby files its 1st Amended Answer, Affirmative Defenses, and Counterclaims to the Complaint For Declaratory Judgment of Admiral Indemnity Company ("Plaintiff"), showing this Honorable Court as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint must be dismissed because it fails to plead or prove that an actual controversy exists that would justify the issuance of a declaratory judgment.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by laches.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by waiver.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by payment.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to plead such other defenses as may become known during the course of investigation and discovery.

## ANSWER

Responding to the specifically numbered paragraphs of Plaintiff's Complaint, Defendant answers as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint, and as a result, they are denied.

2.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint, and as a result, they are denied.

3.

Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

## FACTUAL BACKGROUND

9.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint, and as a result, they are denied.

10.

Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint, and as a result, they are denied.

14.

Defendant admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 15 of Plaintiff's Complaint, and as a result, they are denied.

16.

Defendant admits the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Defendant admits the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendant admits the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant admits the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendant admits the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendant admits the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 22 of Plaintiff's Complaint, and as a result, they are denied.

23.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 23 of Plaintiff's Complaint, and as a result, they are denied.

24.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 24 of Plaintiff's Complaint, and as a result, they are denied.

25.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 25 of Plaintiff's Complaint, and as a result, they are denied.

26.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 26 of Plaintiff's Complaint, and as a result, they are denied.

27.

Defendant admits the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

Defendant admits the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Defendant admits the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Defendant admits the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 31 of Plaintiff's Complaint, and as a result, they are denied.

32.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 32 of Plaintiff's Complaint, and as a result, they are denied.

33.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 33 of Plaintiff's Complaint, and as a result, they are denied.

34.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 34 of Plaintiff's Complaint, and as a result, they are denied.

35.

Defendant admits the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 36 of Plaintiff's Complaint, and as a result, they are denied.

37.

Defendant admits the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

Defendant admits the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

Defendant admits the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 40 of Plaintiff's Complaint, and as a result, they are denied.

41.

Defendant admits the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.

Defendant admits the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.

Defendant admits the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.

Defendant admits the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.

Defendant admits the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 46 of Plaintiff's Complaint, and as a result, they are denied.

47.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 47 of Plaintiff's Complaint, and as a result, they are denied.

48.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 48 of Plaintiff's Complaint, and as a result, they are denied.

49.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 49 of Plaintiff's Complaint, and as a result, they are denied.

50.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 50 of Plaintiff's Complaint, and as a result, they are denied.

51.

Defendant admits the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.

Defendant admits the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.

Defendant admits the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.

Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.

Defendant admits the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.

Defendant admits the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 57 of Plaintiff's Complaint, and as a result, they are denied.

58.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 58 of Plaintiff's Complaint, and as a result, they are denied.

59.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 59 of Plaintiff's Complaint, and as a result, they are denied.

60.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 60 of Plaintiff's Complaint, and as a result, they are denied.

61.

Defendant denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 62 of Plaintiff's Complaint, and as a result, they are denied.

63.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 63 of Plaintiff's Complaint, and as a result, they are denied.

64.

Defendant admits the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.

Defendant admits the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.

Defendant denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.

Defendant denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 68 of Plaintiff's Complaint, and as a result, they are denied.

69.

Defendant admits the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.

Defendant admits the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.

Defendant admits the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72.

Defendant admits the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.

Defendant admits the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.

Defendant admits the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.

Defendant denies the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.

Defendant denies the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77.

Defendant denies the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78.

Defendant admits the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 79 of Plaintiff's Complaint, and as a result, they are denied.

80.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 80 of Plaintiff's Complaint, and as a result, they are denied.

## THE INSURANCE POLICY

81.

Defendant incorporates by reference the foregoing responses to Paragraphs 1 through 80 as if fully set forth herein.

82.

Defendant admits the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83.

Defendant admits the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84.

Defendant admits the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85.

Defendant admits the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86.

Defendant admits the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87.

Defendant admits the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88.

Defendant admits the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89.

Defendant admits the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90.

Defendant admits the allegations contained in Paragraph 90 of Plaintiff's Complaint.

91.

Defendant admits the allegations contained in Paragraph 91 of Plaintiff's Complaint.

92.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 92 of Plaintiff's Complaint, and as a result, they are denied.

## FIRST CLAIM FOR RELIEF

93.

Defendant incorporates by reference the foregoing responses to Paragraphs 1 through 92 as if fully set forth herein.

94.

Defendant denies the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95.

Defendant denies the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96.

Defendant denies the allegations contained in Paragraph 96 of Plaintiff's Complaint.

97.

Defendant denies the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98.

Defendant denies the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99.

Defendant denies the allegations contained in Paragraph 99 of Plaintiff's Complaint.

100.

Defendant denies the allegations contained in Paragraph 100 of Plaintiff's Complaint.

101.

Defendant denies the allegations contained in Paragraph 101 of Plaintiff's Complaint.

102.

Defendant denies the allegations contained in Paragraph 102 of Plaintiff's Complaint.

## SECOND CLAIM FOR RELIEF

103.

Defendant incorporates by reference the foregoing responses to Paragraphs 1 through 102 as if fully set forth herein.

104.

Defendant denies the allegations contained in Paragraph 104 of Plaintiff's Complaint.

105.

Defendant denies the allegations contained in Paragraph 105 of Plaintiff's Complaint.

106.

Defendant denies the allegations contained in Paragraph 106 of Plaintiff's Complaint.

## THIRD CLAIM FOR RELIEF

107.

Defendant incorporates by reference the foregoing responses to Paragraphs 1 through 106 as if fully set forth herein.

108.

Defendant denies the allegations contained in Paragraph 108 of Plaintiff's Complaint.

109.

Defendant admits the allegations contained in Paragraph 109 of Plaintiff's Complaint.

110.

Defendant denies the allegations contained in Paragraph 110 of Plaintiff's Complaint.

111.

Defendant admits the allegations contained in Paragraph 111 of Plaintiff's Complaint.

112.

Defendant denies the allegations contained in Paragraph 112 of Plaintiff's Complaint.

113.

Defendant admits the allegations contained in Paragraph 113 of Plaintiff's Complaint.

114.

Defendant denies the allegations contained in Paragraph 114 of Plaintiff's Complaint.

115.

Defendant denies the allegations contained in Paragraph 115 of Plaintiff's Complaint.

116.

Defendant denies the allegations contained in Paragraph 116 of Plaintiff's Complaint.

117.

Defendant denies the allegations contained in Paragraph 117 of Plaintiff's Complaint.

## **FOURTH CLAIM FOR RELIEF**

118.

Defendant incorporates by reference the foregoing responses to Paragraphs 1 through 117 as if fully set forth herein.

119.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 119 of Plaintiff's Complaint, and as a result, they are denied.

120.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 120 of Plaintiff's Complaint, and as a result, they are denied.

121.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 121 of Plaintiff's Complaint, and as a result, they are denied.

122.

Defendant admits the allegations contained in Paragraph 122 of Plaintiff's Complaint.

123.

Defendant admits the allegations contained in Paragraph 123 of Plaintiff's Complaint.

124.

Defendant denies the allegations contained in Paragraph 124 of Plaintiff's Complaint.

## **FIFTH CLAIM FOR RELIEF**

125.

Defendant incorporates by reference the foregoing responses to Paragraphs 1 through 124 as if fully set forth herein.

126.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 126 of Plaintiff's Complaint, and as a result, they are denied.

127.

Defendant denies the allegations contained in Paragraph 127 of Plaintiff's Complaint.

128.

Defendant denies the allegations contained in Paragraph 128 of Plaintiff's Complaint.

129.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 129 of Plaintiff's Complaint, and as a result, they are denied.

130.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 130 of Plaintiff's Complaint, and as a result, they are denied.

The remaining paragraphs of Plaintiff's Complaint, labeled a through g, are requests for relief to which no response is required. To the extent a response may be required, Defendant denies that Plaintiff is entitled to the relief requested or any other relief.

WHEREFORE, having fully answered, Defendant prays for the following:

    A. That judgment be entered against Plaintiff and obligating Plaintiff to provide coverage for the damage to the Property in accordance with the terms and conditions of the Policy, and to issue payment to Defendant for its damages;

    B. That Plaintiff's Complaint be dismissed with prejudice;

    C. That all costs be taxed against Plaintiff; and

    D. For such other relief as this Court deems just and proper.

## DEFENDANT'S COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

**COMES NOW** The Landmark Condominium Association, Inc. ("Defendant"), by and through the undersigned counsel, and hereby files its Counterclaims to the Complaint of Admiral Indemnity Company ("Plaintiff"), showing this Honorable Court as follows:

1.

Defendant is a domestic condominium association with its principal place of business located at 215 Piedmont Avenue, Atlanta, Georgia 30308.

2.

Plaintiff is a foreign corporation with its principal office address located at 301 route 17 North, Suite 900, Rutherford, New Jersey 07070. Plaintiff may be served with this lawsuit through its registered agent, Mr. Glenn S. Delk, at 1355 Peachtree Street, NE, Atlanta, Georgia 30309, or as otherwise allowed by applicable law.

3.

Jurisdiction is proper in this court pursuant to 28 U.S.C. § 2201 *et seq*., the Declaratory Judgment Act, and Rule 57 of the Federal Rules of Civil Procedure.

4.

Venue is proper pursuant to 28 U.S.C. § 1332 as Defendant is a Georgia condominium association and Plaintiff is a foreign corporation with its principal place of business located in New Jersey.

5.

On or about June 20, 2023, Plaintiff issued Defendant an insurance policy, Policy No. CPP21-21947510-30 (the "Policy"), whereby in exchange for payment of a premium in the amount of $62,780.00, Plaintiff agreed to provide property and general liability insurance coverage for the condominium located at 215 Piedmont Avenue NE, Atlanta, Georgia 30308 (the "Property"). A copy of the Policy is enclosed herein as Exhibit "1."

6.

The Policy has effective dates of June 20, 2023 through June 30, 2024, and provides for up to $32,230,924.00 in coverage for damage to the Property. Furthermore, the Policy was underwritten by Berkley Luxury Group.

7.

After Plaintiff issued the Policy on June 20, 2023, Plaintiff performed a loss control inspection on or about July 20, 2023, during which it performed an inspection of the Property and made recommendations to minimize risk. Importantly, the loss control inspection did not identify any issues with the Property's sprinkler systems or commercial units, both of which would have been clearly visible and known.

8.

On or about January 17, 2024, an accidental fire occurred which caused significant damage to the Property.

9.

Upon learning of the fire, Defendant reported the fire to Plaintiff, and in response, Plaintiff assigned the fire Claim No. 2041684 (the "Claim").

10.

In addition, Plaintiff retained Mr. Patrick Washington of Sedgwick Delegated Authority to adjust the Claim, and Mr. Washington retained Mr. Steve Lehman, of JS Held, to serve as a building consultant.

11.

Subsequent to the fire, Mr. Washington and Mr. Lehman performed multiple inspections of the Property with Defendant and Defendant's representatives in an effort to reach a consensus on the scope of damages and necessary repairs.

12.

In fact, at the request of Defendant, Plaintiff retained EFI Global to perform a site inspection of the Property and prepare a Combustion Byproduct (CBP) Damage Assessment & Remediation Protocol (the "Protocol"). A copy of the Protocol is enclosed herein as Exhibit "2."

13.

After EFI Global issued the Protocol, Plaintiff, through Mr. Washington, approved the Protocol and informed Defendant that it should perform the remediation services as set forth in the Protocol.

14.

Following the direction as instructed by Plaintiff, Defendant retained Epic, LLC, a general contracting firm, to perform the remediation services as set forth in the Protocol.

15.

Epic provided services at the Property in accordance with the Protocol, and has invoiced Defendant for services rendered.

16.

On or about April 30, 2024, Plaintiff issued a Notice of Non-Renewal of Insurance to Defendant, in which it informed Defendant it would not be renewing the Policy "due to adverse loss history." A copy of the Notice of Non-Renewal of Insurance is enclosed herein as Exhibit "3."

17.

Thereafter, on or about May 9, 2024, Plaintiff, for the first time, issued a Reservation of Rights letter to Defendant, in which Plaintiff stated that: (1) It is questionable whether the Policy application contained accurate information; (2) It is questionable as to whether there has been a breach of any of the Policy's conditions in conjunction with representations made during the application process and presentation of the Claim; and (3) There are questions as to whether the concealment or fraud provision of the Policy has been violated. A copy of the May 9, 2024 Reservation of Rights letter is enclosed herein as Exhibit "4."

18.

In response to the May 9, 2024 Reservation of Rights letter, Defendant sent written correspondence to Plaintiff on May 20, 2024, in which Plaintiff was informed that Defendant adamantly denied any breach of the Policy and denied it engaged in any concealment or fraud in connection with the application for insurance or the Claim. Additionally, Defendant demanded that Plaintiff continue to adjust the Claim and release additional monies so that Defendant's mitigation contractor could be paid for services rendered. A copy of the May 20, 2024 written correspondence is enclosed herein as Exhibit "5."

19.

As a direct result of Plaintiff's non-renewal of the Policy during the pendency of the Claim, Defendant was forced to seek other insurance to provide coverage for the Property, and ultimately was forced to pay a premium of $525,200.00 for property coverage, and a premium of $41,306.72 for general liability coverage, for a total of $566,506.72.

20.

On June 7, 2024, Plaintiff, through counsel, sent written correspondence to Defendant, in which Defendant was informed of potential inaccuracies in the application for insurance regarding the Property's sprinkler system and presence of commercial units. A copy of the June 7, 2024 written correspondence is enclosed herein as Exhibit "6."

21.

In response, on July 3, 2023, Defendant, though counsel, informed Plaintiff that it had now been approximately two (2) months since Plaintiff issued the May 9, 2024 Reservation of Rights letter, and that Plaintiff's continuous delays were going to cause additional damages to the Property and to Defendant. A copy of the July 3, 2024 written correspondence is enclosed herein as Exhibit "7."

22.

In response, on or about July 8, 2024, Plaintiff's counsel sent written correspondence to Defendant, in which Plaintiff requested Defendant to produce documents covering sixteen (16) different topics. A copy of the July 8, 2024 correspondence is enclosed herein as Exhibit "8."

23.

Thereafter, on July 10, 2024, Defendant, through counsel, informed Plaintiff that it would produce documents as quickly as possible, and also stated, in part, as follows: "We all know what is happening here. Once your client fully realized the

extent of damage, this is nothing more than an ill-fated attempt to come up with a way to not pay the claim. And just so you are aware, we know that Admiral does not have any underwriting requirements for a sprinkler system in the building." The July 10, 2024 written correspondence also stated, in part as follows: "Quite frankly, your client performed an inspection of the property within 30 days of binding coverage and was clearly aware of the composition of the building at that time." A copy of the July 10, 2024 written correspondence is enclosed herein as Exhibit "9."

24.

On July 19, 2024, Defendant responded to the July 8, 2024 written correspondence, provided requested documents, and informed Plaintiff as follows: "Furthermore, on behalf of Landmark, I am once again demanding an acknowledgement of coverage and for this claim to be properly adjusted. Admiral's specious position on coverage is leading to additional damages at the property and to Landmark as a whole." A copy of this July 19, 2024 correspondence is enclosed herein as Exhibit "10."

25.

On August 20, 2024, after producing additional documents Defendant received from its insurance agent, Defendant once again demanded Plaintiff to acknowledge coverage of the Claim, and again reminded Plaintiff of the post-binding inspection that was conducted at the Property in July 2023, and that Plaintiff's inaction was not only causing additional damages to Defendant, but it was leaving Defendant in the dark. A copy of this August 20, 2024 correspondence is enclosed herein as Exhibit "11."

26.

When producing all documents requested, Defendant included a document from Berkley Luxury Group, which specifically states that for the policies

25

underwritten by Berkley Luxury Group, including policies from Plaintiff, there is no sprinkler requirement. A copy of this document is enclosed herein as Exhibit "12."

27.

After producing all documents requested, Plaintiff took the Examinations Under Oath of Ms. Alexandra Betancur, who is Defendant's Property Manager, and of Ms. Yali Lu, who is Defendant's President.

28.

On or about January 21, 2025, Defendant submitted a Proof of Loss and Rough Order of Magnitude to Plaintiff evidencing damages to the Property in the amount of $15,027,990.46. Copies of these documents are enclosed herein as Exhibit "13."

29.

Defendant has complied with all terms and conditions of the Policy, and the damage to the Property is a covered loss.

30.

Plaintiff's failure to acknowledge coverage of the Claim and its failure to issue payment for same is a breach of the terms and conditions of the Policy, and as a result of Plaintiff's breach, Defendant has been damaged in an amount to be determined at trial.

**COUNT I – BREACH OF CONTRACT**

31.

Defendant reincorporates by reference its allegations contained in Paragraphs 1-30 above.

26

32.

Pursuant to the terms and conditions of the Policy and applicable law, the Claim is a covered cause of loss and Plaintiff should provide coverage and payment for the damages sustained.

33.

Plaintiff's failure to acknowledge coverage of the Claim and its failure to thereafter issue payment for the damages sustained is a breach of the Policy.

34.

As a result of Plaintiff's breach of the Policy, Defendant has been damaged in an amount to be determined at trial, with said amount equaling at least $15,027,990.46.

## COUNT II – BAD FAITH DAMAGES PURSUANT TO O.C.G.A. § 33-4-6

35.

Defendant reincorporates by reference its allegations contained in Paragraphs 1-34 above.

36.

Plaintiff's failure to acknowledge coverage of the Claim and its failure to issue payment in accordance with all damages incurred by Defendant, is baseless, frivolous, and in bad faith as set forth in O.C.G.A. § 33-4-6.

37.

As a result of Plaintiff's actions, Defendant, in addition to recovering damages for Plaintiff's breach of contract, shall also be entitled to damages in an amount of up to an additional fifty percent (50%) of Defendant's damages, as well as recovery of Defendant's attorney's fees and court costs.

## PRAYER

WHEREFORE, Defendant respectfully prays for the following:

a.  A declaration that the Claim is a covered cause of loss pursuant to the terms and conditions of the Policy and applicable law;

b.  A declaration that Plaintiff has an obligation to compensate Defendant for all damages sustained in an amount to be determined;

c.  A declaration that Plaintiff has breached the terms and conditions of the Policy;

d.  A declaration that Plaintiff's breach of the terms and conditions of the Policy was in bad faith as set forth in O.C.G.A. § 33-4-6;

e.  Damages for Plaintiff's breach of contract;

f.  Damages for Plaintiff's bad faith refusal to compensate Defendant for all damages incurred as provided for in O.C.G.A. § 33-4-6;

g.  That Defendant is awarded pre-judgment and post-judgment interest; and

h.  For all further relief this Honorable Court deems just.

## DEMAND FOR TRIAL BY JURY

Defendant requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Respectfully submitted this 4th day of March 2025.

**WEINSTEIN & BLACK, LLC**
/s/ Michael Weinstein
Michael Weinstein
Georgia Bar No. 746386
David P. McDonald
Georgia Bar No. 217778
3050 Amwiler Road, Suite 200-C
Atlanta, GA 30360
(404) 228-2629 (O)
Mike@wblegal.net
Dave@wblegal.net

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **ADMIRAL INDEMNITY COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE** |
| | ) | |
| **v.** | ) | **NO. 1:25-cv-00414-SEG** |
| | ) | |
| **THE LANDMARK CONDOMINIUM ASSOCIATION, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the foregoing **DEFENDANT'S 1ST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT** through this Court's electronic filing system, which shall notify all counsel of record as follows:

Ms. Jessica M. Phillips
Ms. Taylor C. Gore
Swift Currie McGhee & Hiers, LLP
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309
Jessica.Phillips@swiftcurrie.com
Taylor.Gore@swiftcurrie.com

This 4th day of March 2025.

/s/ Michael Weinstein
Michael Weinstein