## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ADMIRAL INDEMNITY )
COMPANY, )
                     )
        Plaintiff, )            CIVIL ACTION FILE
                     )
vs. )            NO.:  1:25-CV-00414-SEG
                     )
THE LANDMARK CONDOMINIUM )
ASSOCIATION, INC., )
                     )
        Defendant. )

## PLAINTIFF ADMIRAL INDEMNITY COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT THE LANDMARK CONDOMINIUM ASSOCIATION'S AMENDED COUNTERCLAIM

COMES NOW, Plaintiff/Third Party Defendant, Admiral Indemnity Company ("Admiral" or "Plaintiff"), and hereby files this Answer and Affirmative Defenses to Defendant The Landmark Condominium Association's Amended Counterclaim ("Defendant's Counterclaim"), showing this Honorable Court as follows:

## FIRST AFFIRMATIVE DEFENSE

Defendant's Amended Counterclaim fails to state a claim against Plaintiff upon which relief may be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is not liable to Defendant for any cause of action, including for breach of contract, because Plaintiff at no time breached or otherwise violated any term or condition of any insurance policy between Plaintiff and Defendant.

## THIRD AFFIRMATIVE DEFENSE

To the extent Defendant seeks to assert a bad faith claim against Plaintiff, Defendant may not recover because its claim is legally and factually insufficient. Plaintiff has, at all times, acted in good faith with respect to Defendant's claim.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Defendant attempts to impose duties upon Plaintiff aside from those set forth in the policy, Defendant fails in both fact and law. Georgia law does not impose extra-contractual duties on insurers or their adjusters when adjusting claims asserted by insureds. Moreover, at all times relevant hereto, Plaintiff acted in good faith and in accordance with the terms and conditions of the policy.

## FIFTH AFFIRMATIVE DEFENSE

Defendant is estopped from recovering from Plaintiff benefits related to any exaggerated or exacerbated damages to the property due to Defendant's failure to mitigate its damages or protect the property as required by the Policy.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is entitled to a set off against any judgment entered against it for those amounts already paid by Plaintiff to or on behalf of Defendant for the claims asserted in Defendant's Counterclaim.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff did not owe a legal duty to Defendant independent of its obligations as specified in the insurance policy that forms the subject of the present action and, therefore, Defendant's Counterclaim for damages fails to state a claim against Plaintiff for any cause of action independent of its alleged breach of policy of insurance, which Plaintiff specifically denies was breached.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant's prayer for attorney's fees and costs of litigation pursuant to O.C.G.A. § 33-4-6 against Plaintiff is insufficient in fact and in law. Plaintiff has, at all times, acted in good faith and with reasonable and probable cause with respect to the actions it has taken.  Defendant fails to state a claim for any bad faith which would entitle Defendant to a recovery of attorney's fees and expenses.

## NINTH AFFIRMATIVE DEFENSE

Defendant's prayer for attorney's fees and costs of litigation pursuant to O.C.G.A. § 33-4-6 fails because Defendant failed to submit a demand for payment at a time in which the claim was payable.

## TENTH AFFIRMATIVE DEFENSE

Defendant's claims are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant may not recover from Plaintiff because Defendant has breached the Policy and failed to satisfy all Conditions set forth in the Policy. Specifically, the Policy provides:

### CONDOMINIUM ASSOCIATION COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **H.,** Definitions.
. . .

 **E. Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:

. . . .

### 3. **Duties In The Event Of Loss Or Damage**

**a.** You must see that the following are done in the event of loss or damage to Covered Property:

**(1)** Notify the police if a law may have been broken.

**(2)** Give us prompt notice of the loss or damage. Include a description of the property involved.

**(3)** As soon as possible, give us a description of how, when and where the loss or damage occurred.

**(4)** Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

**(5)** At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

**(6)** As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

**(7)** Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

**(8)** Cooperate with us in the investigation or settlement of the claim.

**b.** We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim,  including an

insured's books and records. In the event of an examination, an insured's answers must be signed.

The Policy also provides the following conditions:

## COMMERCIAL PROPERTY CONDITIONS

This Coverage Part is subject to the following conditions, the Common Policy Conditions and applicable Loss Conditions and Additional Conditions in Commercial Property Coverage Forms.

### A. CONCEALMENT, MISREPRESENTATION OR FRAUD

This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:

1.  This Coverage Part;
2.  The Covered Property;
3.  Your interest in the Covered Property; or
4.  A claim under this Coverage Part.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant may not recover from Plaintiff in this matter because it has failed to satisfy the necessary conditions precedent to recovery. Specifically, the Policy provides:

### D. LEGAL ACTION AGAINST US

No one may bring a legal action against us under this Coverage Part unless:

**1.** There has been full compliance with all of the terms of this Coverage Part; and

**2.** The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant may not recover benefits for this Loss pursuant to its Policy with Plaintiff to the extent the Policy is void pursuant to O.C.G.A. § 33-24-7(b)(2).

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant may not recover benefits for this Loss pursuant to its Policy with Plaintiff to the extent the Policy is void pursuant to O.C.G.A. § 33-24-7(b)(3).

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant may not recover from benefits for this Loss pursuant to its Policy with Plaintiff to the extent the Policy is void due to material misrepresentations made by Plaintiff and/or its authorized representatives.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant may not recover benefits from Plaintiff to the extent this Loss is excluded from coverage pursuant to the terms and conditions of the Policy. The Policy provides:

**Causes of Loss – Special Form**

. . . .

Words and phrases that appear in quotation marks have special meaning. Refer to Section **G.,** Definitions.

**A. Covered Causes Of Loss**

Covered Causes of Loss means Risks Of Direct Physical Loss unless the loss is:

**1.** Excluded in Section **B.,** Exclusions; or
**2.** Limited in Section **C.,** Limitations;

that follow.

. . . .

B. **Exclusions**:

. . .

2. We will not pay for loss or damage caused by or resulting from any of the following:

. . .

i.       Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent Defendant is entitled to recover under the Policy, which Plaintiff denies, Defendant's recovery is limited by the terms and conditions of the Policy, including but not limited to, the Loss Payment provision. The Policy provides in pertinent part:

**4. Loss Payment:**

. . .

**g.** We will pay for covered loss or damage to Covered Property within 30 days after we receive the sworn proof of loss, if you have complied with all of the terms of this Coverage Part and:

**(1)** We have reached agreement with you on the amount of loss; or

**(2)** An appraisal award has been made.

If you name an insurance trustee, we will adjust losses with you, but we will pay the insurance trustee. If we pay the trustee, the payments will satisfy your claims against us.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendant waived its right to insist upon Plaintiff's compliance with the Policy if it failed to comply with the Policy conditions.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff is not indebted to Defendant for the sum sought or in any amount whatsoever.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff reserves the right to assert any other affirmative defenses not explicitly stated herein including those set forth in Fed. R. Civ. P. 8 to the extent the same may be found applicable through discovery or otherwise.

## **TWENTY-FIRST AFFIRMATIVE DEFENSE**

Defendant is unable to recover through its Amended Counterclaim because the Policy is rescinded and/or void *ab initio* due to misrepresentations made by Defenant or on its behalf during the procurement process for the Policy.

## **TWENTY-SECOND AFFIRMATIVE DEFENSE**

Without waiving any of the foregoing defenses and incorporating each as if set forth herein, Plaintiff responds to the factual allegations in Defendant's Amended Counterclaim as follows:

1.

Plaintiff admits the allegations set forth in Paragraph 1 of Defendant's Amended Counterclaim.

2.

In response to the allegations set forth in Paragraph 2 of Defendant's Amended Counterclaim, Plaintiff admits that it is a foreign corporation with a principal office address located at 301 Route 17 North, Suite 900, Rutherford, New Jersey, 07070. Plaintiff states that it may be served through its registered agent, Linda Banks, at 289 South Culver Street, Lawrenceville, Georgia 30046. Plaintiff denies the remaining allegations of Paragraph 2 of Defendant's Amended Counterclaim not otherwise admitted herein.

-10-

3.

Plaintiff admits the allegations set forth in Paragraph 3 of Defendant's Amended Counterclaim.

4.

Plaintiff admits the allegations set forth in Paragraph 4 of Defendant's Amended Counterclaim.

5.

In response to the allegations contained in Paragraph 5 of Defendant's Amended Counterclaim, Plaintiff admits only that it issued a policy of insurance to Defendant, identified as Policy Number 21-21947510-30 (the "Policy"), which provided certain coverages to the property shown in the declarations of the Policy, subject to the Policy's terms, provisions, and endorsements and applicable Georgia law for the policy period of June 20, 2023 through June 20, 2024. Plaintiff responds further that it issued the insurance policy based on the representations and information provided by Defendant Landmark and that it may not have issued the Policy at all, or may have issued the Policy with different terms, if the information provided by Defendant Landmark had been different from what was submitted. Plaintiff responds further that the terms and provisions of the Policy govern the contract between Plaintiff and Defendant and states that the plain and unambiguous

language of the Policy speaks for itself. Plaintiff further responds that Exhibit 1 appears to be a copy of the Policy. Plaintiff denies all remaining allegations set forth in Paragraph 5 of Defendant's Amended Counterclaim not expressly admitted herein, including but not limited to any allegation that Plaintiff is estopped from rescinding the Policy or declaring the Policy *void ab initio* based on the allegations in its Complaint for Declaratory Relief.

6.

In response to the allegations contained in Paragraph 6 of Defendant's Amended Counterclaim, Plaintiff admits only that it issued a Policy of insurance to Defendant, identified as Policy Number 21-21947510-30 (the "Policy"), which provided certain coverages to the property shown in the declarations of the Policy, subject to the Policy's terms, provisions, and endorsements and applicable Georgia law for the policy period of June 20, 2023 through June 20, 2024. Plaintiff responds further that it issued the insurance policy based on the representations and information provided by Defendant Landmark and that it may not have issued the Policy at all, or may have issued the Policy with different terms, if the information provided by Defendant Landmark had been different from what was submitted. Plaintiff responds further that the terms and provisions of the Policy govern the contract between Plaintiff and Defendant and states that the plain and unambiguous

language of the Policy speaks for itself. Plaintiff denies all remaining allegations set forth in Paragraph 5 of Defendant's Amended Counterclaim not expressly admitted herein including but not limited to any allegation that Plaintiff is estopped from rescinding the Policy or declaring the Policy *void ab initio* based on the allegations in its Complaint for Declaratory Relief.

7.

In response to the allegations contained in Paragraph 7 of Defendant's Amended Counterclaim, Plaintiff states that it issued a Policy of insurance to Defendant which provided certain coverages to the property shown in the declarations of the Policy, subject to the Policy's terms, provisions, and endorsements and applicable Georgia law for the policy period beginning on June 20, 2023 through June 20, 2024. Plaintiff denies that Plaintiff inspected the Property on or around July 20, 2023. By way of further response, Plaintiff states that an independent third-party, Larry Dorninck of Alexander and Schmidt, inspected the Property on or around July 20, 2023. Plaintiff denies all remaining allegations set forth in Paragraph 7 of Defendant's Amended Counterclaim, as pled, including any allegations that the conditions surrounding the sprinkler system in the Property was accurately reported to Plaintiff.

8.

In response to Paragraph 8 of Defendant's Amended Counterclaim, Plaintiff admits that a fire occurred at the Property on or around January 17, 2024. Defendant denies all remaining allegations of Paragraph 8.

9.

In response to Paragraph 9 of Defendant's Amended Counterclaim, Plaintiff states that Defendant reported damage to the Property which occurred on or around January 17, 2024 which was assigned claim number 204-1684 (the "Claim"). Except as otherwise herein admitted, all remaining allegations contained in Paragraph 9 of Defendant's Amended Counterclaim are denied.

10.

In response to Paragraph 10 of Defendant's Amended Counterclaim, Plaintiff states that it retained Patrick Washington and Steve Lehman to inspect the Property and determine the scope of damages following the fire which occurred on or around January 17, 2024. Plaintiff denies all remaining allegations of Paragraph 10, as pled.

11.

In response to Paragraph 11 of Defendant's Amended Counterclaim, Plaintiff states that Mr. Washington and Mr. Lehman inspected the Property. Plaintiff denies the remaining allegations of Paragraph 11, as pled.

12.

In response to Paragraph 12 of Defendant's Amended Counterclaim, Plaintiff states that it retained structural engineering firm EFI Global to inspect the Property. Plaintiff further states that EFI Global prepared a Combustion Byproduct Damage Assessment & Remediation Protocol. Plaintiff denies all remaining allegations contained in Paragraph 12 which are not otherwise admitted herein.

13.

Plaintiff denies the allegations set forth in Paragraph 13 of Defendant's Amended Counterclaim, as pled.

14.

Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of Defendant's Amended Counterclaim and, therefore, denies same.

15.

Upon information and belief, Plaintiff admits that Epic performed some contracting and/or repair services to the Property. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 15 of Defendant's Amended Counterclaim and, therefore, denies same.

16.

In response to Paragraph 16 of Defendant's Amended Counterclaim, Plaintiff states it sent a Notice of Non-Renewal of Insurance to Defendant dated April 30, 2024. Plaintiff admits that Exhibit 3 appears to be a copy of the Notice of Non-Renewal. Plaintiff denies all remaining allegations contained in Paragraph 16 which are not expressly admitted herein.

17.

In response to Paragraph 17 of Defendant's Amended Counterclaim, Plaintiff states that it sent a Reservation of Rights to Defendant dated May 9, 2024, which speaks for itself. Plaintiff denies any remaining allegations contained in Paragraph 17 which are not expressly admitted herein.

18.

In response to Paragraph 18 of Defendant's Amended Counterclaim, Plaintiff states that it received written correspondence from Defendant dated May 20, 2024, which speaks for itself. Plaintiff denies any remaining allegations contained in Paragraph 18 which are not expressly admitted herein.

19.

After reasonable inquiry, Plaintiff is without knowledge or information sufficient to respond to the allegations contained in Paragraph 19 of Defendant's Amended Counterclaim and, therefore, denies same.

20.

In response to Paragraph 20 of Defendant's Amended Counterclaim, Plaintiff states that its counsel sent correspondence dated June 7, 2024 to Defendant, which speaks for itself. Plaintiff denies any remaining allegations contained in Paragraph 20 which are not expressly admitted herein.

21.

In response to Paragraph 21 of Defendant's Amended Counterclaim, Plaintiff states that it received correspondence dated July 3, 2024 from counsel for Defendant, which speaks for itself. Plaintiff denies all remaining allegations contained in Paragraph 21 which are not expressly admitted herein.

22.

In response to Paragraph 22 of Defendant's Amended Counterclaim, Plaintiff states that its counsel sent correspondence dated July 8, 2024 to counsel for Defendant, which speaks for itself. Plaintiff denies all remaining allegations contained in Paragraph 22 which are not expressly admitted herein.

23.

In response to Paragraph 23 of Defendant's Amended Counterclaim, Plaintiff states that it received correspondence dated July 10, 2024 from counsel for Defendant, which speaks for itself.  Plaintiff denies all remaining allegations contained in Paragraph 23 which are not expressly admitted herein.

24.

In response to Paragraph 24 of Defendant's Amended Counterclaim, Plaintiff states that it received correspondence dated July 19, 2024 from counsel for Defendant, which speaks for itself.  Plaintiff denies all remaining allegations contained in Paragraph 24 which are not expressly admitted herein, including any allegations that Defendant provided all requested documents on July 19, 2024.

25.

In response to Paragraph 25 of Defendant's Amended Counterclaim, Plaintiff states that it received correspondence dated August 20, 2024 from counsel for Defendant, which speaks for itself. Plaintiff denies all remaining allegations contained in Paragraph 25 which are not expressly admitted herein, including any allegation that Plaintiff received documents from Defendant's insurance agent on August 20, 2024.

26.

Plaintiff denies the allegations contained in Paragraph 26 of Defendant's Amended Counterclaim.

27.

In response to Paragraph 27 of Defendant's Amended Counterclaim, Plaintiff admits that it took the examination under oath of Plaintiff Landmark. This examination under oath was comprised of a limited examination under oath of Alexandra Betancur on October 17, 2024 which was suspended because there were significant documents from Landmark or its agent outstanding.  Plaintiff conducted a reconvened examination under oath of Alexandra Betancur on November 1, 2024, and the examination under oath of Yali Lu on November 1, 2024. Plaintiff denies all remaining allegations contained in Paragraph 27 which are not expressly admitted herein.

28.

In response to Paragraph 28 of Defendant's Amended Counterclaim, Plaintiff states that it received the purported Proof of Loss and Rough Order of Magnitude from Plaintiff on or around January 21, 2025. Plaintiff denies all remaining allegations contained in Paragraph 28 which are not expressly admitted herein.

29.

Plaintiff denies the allegations set forth in Paragraph 29 of Defendant's Amended Counterclaim.

30.

Plaintiff denies the allegations set forth in Paragraph 30 of Defendant's Amended Counterclaim.

## COUNT I – BREACH OF CONTRACT

31.

Plaintiff incorporates the foregoing Paragraphs 1 through 30 as if fully stated herein.

32.

Plaintiff denies the allegations set forth in Paragraph 32 of Defendant's Amended Counterclaim.

33.

Plaintiff denies the allegations set forth in Paragraph 33 of Defendant's Amended Counterclaim.

34.

Plaintiff denies the allegations set forth in Paragraph 34 of Defendant's Amended Counterclaim.

## COUNT II – BAD FAITH DAMAGES PURSUANT TO O.C.G.A. § 33-4-6

### 35.

Plaintiff incorporates the foregoing Paragraphs 1 through 34 as if fully stated herein.

### 36.

Plaintiff denies the allegations set forth in Paragraph 36 of Defendant's Amended Counterclaim.

### 37.

Plaintiff denies the allegations set forth in Paragraph 37 of Defendant's Amended Counterclaim.

### 38.

Plaintiff denies each and every remaining allegation contained in Defendant's Amended Counterclaim not specifically admitted herein, including all of Defendant's requests for relief.

WHEREFORE, Plaintiff requests that the following relief be granted:

a)  That Defendant's Amended Counterclaim be dismissed with prejudice against it;

b)  That Plaintiff be awarded assessments, interest, and late charges, in amounts

to be proven at trial;

c)  That Plaintiff be awarded its reasonable attorneys' fees and costs incurred in

    asserting its rights through this action; and

d)  That Plaintiff be awarded such other and further relief as this Court deems just

    and proper.

    This 18th day of March, 2025.

                                        SWIFT CURRIE MCGHEE & HIERS, LLP

                                        */s/ Taylor C. Gore*
                                        Jessica M. Phillips
                                        Georgia Bar No. 922902
                                        Taylor C. Gore
                                        Georgia Bar No. 205817
                                        *Attorneys for Plaintiff Admiral Indemnity*
                                        *Company*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:  404-874-8800
Jessica.phillips@swiftcurrie.com
Taylor.gore@swiftcurrie.com

## <u>LOCAL RULE 5.1(C) CERTIFICATION</u>

By signature below, counsel certifies that the foregoing pleading was prepared

in Times New Roman, 14-point font in compliance with Local Rule 5.1(C).

Respectfully submitted this 18th day of March, 2025.

SWIFT CURRIE MCGHEE & HIERS, LLP

*/s/  Taylor C. Gore*
Jessica M. Phillips
Georgia Bar No. 922902
Taylor C. Gore
Georgia Bar No. 205817
*Attorneys for Plaintiff Admiral Indemnity*
*Company*

1420 Peachtree Street, NE
Suite 800
Atlanta, GA   30309
Tel:    (404) 874-8800
jessica.phillips@swiftcurrie.com
taylor.gore@swiftcurrie.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have electronically filed the foregoing *PLAINTIFF ADMIRAL INDEMNITY COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT THE LANDMARK CONDOMINIUM ASSOCIATION'S AMENDED COUNTERCLAIM* with the Clerk of Court by e-filing same using the CM/ECF System, which will notify all counsel of record, including:

> Michael B. Weinstein
> David P. McDonald
> Weinstein and Black
> 3050 Amwiler Road, Suite 200-C
> Atlanta, GA 30360
> mike@wblegal.net
> david@wblegal.net
> *Attorneys for Defendant*

This 18th day of March, 2025.

> SWIFT CURRIE MCGHEE & HIERS, LLP
>
> */s/  Taylor C. Gore*
> Jessica M. Phillips
> Georgia Bar No. 922902
> Taylor C. Gore
> Georgia Bar No. 205817
> *Attorneys for Plaintiff Admiral Indemnity Company*

-24-

1420 Peachtree Street, NE
Suite 800
Atlanta, GA   30309
Tel:   (404) 874-8800
jessica.phillips@swiftcurrie.com
taylor.gore@swiftcurrie.com

4928-7327-4667, v. 1