IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ADMIRAL INDEMNITY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE |
| v. | ) ) | NO. 1:25-cv-00414-SEG |
| THE LANDMARK CONDOMINIUM ASSOCIATION, INC., | ) ) ) ) ) | |
| Defendant. | ) | |

### NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY YOUNG & ASSOCIATES

COMES NOW, The Landmark Condominium Association, Inc. ("Plaintiff"), by and through its counsel, and pursuant to Fed. R. Civ. P. 34 and 45, serve upon counsel of record this Notice Of Intent To Serve Subpoena Commanding Production of Documents.

You are hereby notified that counsel for Plaintiff will serve a subpoena commanding the production of documents on the following entity:

1. Young & Associates

A copy of the Subpoena is enclosed herewith as Exhibit "1."

1

Respectfully submitted this 10th day of April 2025.

                                        **WEINSTEIN & BLACK, LLC**

                                        /s/Michael B. Weinstein
                                        Michael B. Weinstein, Esq.
                                        Georgia Bar No. 746386
                                        David P. McDonald
                                        Georgia Bar No. 217778
                                        3050 Amwiler Road #200-C
                                        Atlanta, GA 30360
                                        (404) 228-2629 (O)
                                        mike@wblegal.net
                                        dave@wblegal.net

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ADMIRAL INDEMNITY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE |
| v. | ) ) | NO. 1:25-cv-00414-SEG |
| THE LANDMARK CONDOMINIUM ASSOCIATION, INC., | ) ) ) ) ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY YOUNG & ASSOCIATES** upon all parties to this matter using the CM/ECF system, which will automatically send e-mail notification to all attorneys of record in this case, addressed as follows:

Ms. Jessica Phillips
Ms. Taylor Gore
Swift Currie McGhee & Hiers, LLP
1420 Peachtree Street, NE
Suite 800
Atlanta, GA 30309

This 10th day of April 2025.

/s/Michael B. Weinstein
Michael B. Weinstein

# **<u>EXHIBIT 1</u>**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| Admiral Indemnity Company | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-CV-00414-SEG |
| | ) |
| The Landmark Condominium Association, Inc. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Young & Associates c/o Swift Currie McGhee & Hiers
1420 Peachtree Street, NE #800, Atlanta, GA 30309

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit "A"

| Place: | Date and Time: |
|---|---|
| Weinstein & Black, LLC<br>3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360 | 04/30/2025 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/10/2025

*CLERK OF COURT*

OR

_____        /s/Michael B. Weinstein
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* The Landmark Condominium Association, Inc. , who issues or requests this subpoena, are:

Weinstein & Black, LLC, 3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360 - mike@wblegal.net - 404-228-2629

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:25-CV-00414-SEG

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT "A"

## DEFINITIONS

1. "Document" means the original of every writing or record of every type and description that is in your actual and/or constructive possession, custody, or control. The materials include without limitation, correspondence, memoranda, e-mails, text messages, photographs, handwritten notes, estimates of damage, studies, publications, books, pamphlets, voice recordings, reports, minutes, telegrams, telexes, memoranda of agreement, diaries, calendars, invoices, bills, summaries and estimates. The request includes every copy of such document whether or not the original is in your possession, custody or control. Any document bearing on any side thereof any marks, such as, but not limited to, initials, stamped indicia, comments or notations, of any character not a part of the original text or photographic reproduction thereof, is to be considered and produced as a separate document.
2. "Communication" means any transmission of information, the information transmitted and any process by which information is transmitted, and includes written, electronic, and documented communications as well as oral communications.
3. "Complaint" shall mean Admiral's Complaint in this action.
4. "Employee" means any former or present employee, officer, agent, broker, representative, consultant, office, committee, department, division or group within or retained by Young & Associates ("Y&A").

5. "Loss" means the event on or about January 17, 2024, in which the property located at 215 Piedmont Avenue NE, Atlanta, Georgia 30308 (the "Property"), suffered significant damage as a result of a fire.

6. "Policy" means Policy No. CPP21-21947510-30 (the "Policy"), whereby in exchange for payment of a premium in the amount of $62,780.00, Admiral Indemnity Company ("Admiral") agreed to provide property and general liability insurance coverage for The Landmark Condominium Association, Inc. ("Landmark") for the time period of June 20, 2023 through June 20, 2024.

7. "Person" means any individual, partnership, joint venture, firm, association, corporation, or business or any governmental or legal entity.

8. All other terms utilized herein are to be given their customary usage in the English language.

## INSTRUCTIONS

(a) As to any document, thing, or part thereof which Y&A asserts is privileged or otherwise exempt from production, Y&A should identify such document or thing by date, writer, addresses, and recipients of copies and tender for each such document or thing the grounds for asserting the privilege or exemption from production.

(b) The term "document(s)" as used herein, unless otherwise indicated, shall include, but not be limited to, and mean and embrace, any letters, e-mails, text messages, correspondence, telegrams, memoranda, records, financial statements, financial records, summaries, manuals, maps, brochures, leaflets, schedules, telegrams, teletypes, telefaxes, minutes, contracts, periodicals, newspapers, journals, calendars, sketches, agendas, memoranda of telephone or personal conversations or conferences, records of communications, video recordings, photographs,

motion pictures, microfilm, microfiches, recordings, audio data processing cards and tapes and discs, bulletins, studies, analyses, notices, computer runs, and any codes necessary to comprehend such runs, diskettes, books, pamphlets, lists, periodicals, charts, graphs, indexes, and any other method of any nature, however produced or reproduced, by which or through which information is preserved or contained, including copies of such documents, containing any notations or markings not found on the originals of such documents. A copy of a document on which any notations have been made is to be considered a separate document.

The term "document(s)" as used in these requests further embraces all document(s) within Y&A's possession, custody, or control, or the possession, custody, or control of any of Y&A's agents, representatives, attorneys, associates, or anyone else known to Y&A which have not been previously produced to Landmark, including any writing whether typed, printed or handwritten, of whatever kind and in whatever form, as well as any video or audio tape recording and any transcript of such recording, and any computer medium containing information convertible into a written document and any transcription of such computer medium. If any document(s) requested to be produced was, but is no longer, in existence, state whether it is:

  (a) missing or lost;

  (b) destroyed;

  (c) transferred voluntarily or involuntarily to others, and if so, to whom: or

(d) otherwise disposed of, and in each instance, explain the circumstances surrounding an authorization for such disposition, and state the approximate date thereof.

(c) All documents produced in response to this Request should be marked according to the number of each specific request below. Documents sought by more than one Request need only be produced once with appropriate cross-references to the other Request(s) to which the document responds.

(d) In producing all documents, Y&A is requested to produce the original of each document or electronic record requests, together with all non-identical copies and drafts. If the original of any document or electronic record cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

(e) All documents or electronic records shall be produced in the form in which they are maintained, including the file folder, envelope or other container in which the documents are kept or maintained by you. If for any reason the container cannot be produced, produce copies of all labels or other identifying marks on said container.

## **REQUESTS FOR PRODUCTION**

Produce all documents that relate to the following:

1.

Any and all documents in the possession of Y&A and/or its employees relating to any and all services it performed at the request of Admiral, Berkley, and/or Sedgwick relating to Landmark, the Property, the Policy, and the Loss.

2.

To the extent not covered in No. 1 above, any and all documents received by Y&A and its employees, relating to Landmark, the Property, the Policy, and the Loss.

3.

Any and all communications between Y&A and Berkley, Admiral, and/or Sedgwick, relating to Landmark, the Property, the Policy, and the Loss.

4.

Any and all communications between Y&A and its employees and all third parties relating to Landmark, the Property, the Policy, and the Loss.

5.

Any and all reports and work papers prepared by Y&A and its employees at the request of Berkley, Admiral, and/or Sedgwick relating to Landmark, the Property, the Policy, and the Loss.

6.

Any and all estimates of damage prepared by Y&A or on its behalf related to Landmark, the Property, the Policy, and the Loss.

7.

Any and all written reports prepared by Y&A relating to Landmark, the Property, the Policy, and the Loss.

8.

The complete file of Mr. Steve Lehman as it relates to Y&A's engagement by Berkley, Admiral, and/or Sedgwick relating to Landmark, the Property, the Policy, and the Loss.