**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ADMIRAL INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>THE LANDMARK CONDOMINIUM ASSOCIATION, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION FILE<br><br>NO.: 1:25-CV-00414-SEG |

**PLAINTIFF ADMIRAL INDEMNITY COMPANY'S NOTICE OF OBJECTION TO DEFENDANT THE LANDMARK CONDOMINIUM ASSOCIATION'S SUBPOENA TO YOUNG AND ASSOCIATES**

COMES NOW, Admiral Indemnity Company (hereinafter "Plaintiff"), by and through the undersigned attorneys, and hereby files its Notice of Objection to Defendant's subpoena to Young & Associates and shows the foregoing:

DOCUMENTS REQUESTED TO BE PRODUCED

1.

Any and all documents in the possession of Y&A and/or its employees relating to any and all services it performed at the request of Admiral, Berkley, and/or Sedgwick relating to Landmark, the Property, the Policy, and the Loss.

**RESPONSE:** Plaintiff objects on the basis that this Request is overbroad in scope and time, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Request the extent any such documents were generated after Plaintiff anticipated litigation and therefore are protected by the work product doctrine. Plaintiff also objects to the extent this Request seeks draft estimates, reports, and other documents protected from disclosure and thus is in direct violation of the scope of discovery for testifying expert witnesses set forth in Fed. R. Civ. P. 26(b). Plaintiff further objects to the extent this information is outside the scope of permissible discovery from a testifying expert witness in accordance with Fed. R. Civ. P. 26. Subject to and without waiving these objections, Plaintiff will produce non-privileged, responsive documents.

2.

To the extent not covered in No. 1 above, any and all documents received by Y&A and its employees, relating to Landmark, the Property, the Policy, and the Loss.

**RESPONSE:** Plaintiff objects on the basis that this Request is overbroad in scope and time, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Request the extent any

such documents were generated after Plaintiff anticipated litigation and therefore are protected by the work product doctrine. Plaintiff also objects to the extent this Request seeks draft estimates, reports, and other documents protected from disclosure and thus is in direct violation of the scope of discovery for testifying expert witnesses set forth in Fed. R. Civ. P. 26(b). Plaintiff further objects to the extent this information is outside the scope of permissible discovery from a testifying expert witness in accordance with Fed. R. Civ. P. 26. Subject to and without waiving these objections, Plaintiff will produce non-privileged, responsive documents.

3.

Any and all communications between Y&A and Berkley, Admiral, and/or Sedgwick, relating to Landmark, the Property, the Policy, and the Loss.

**RESPONSE:** Plaintiff objects to this Request as overly broad and unduly burdensome. Plaintiff objects to this Request the extent any such documents were generated after Plaintiff anticipated litigation and therefore are protected by the work product doctrine. Plaintiff also objects to the extent this Request seeks communications containing draft estimates, reports, and other documents protected from disclosure and thus is in direct violation of the scope of discovery for testifying expert witnesses set forth in Fed. R. Civ. P. 26(b). Plaintiff further objects to the extent this information is outside the scope of permissible discovery from a testifying

expert witness in accordance with Fed. R. Civ. P. 26. Subject to and without waiving these objections, Plaintiff will produce non-privileged, responsive documents.

4.

Any and all communications between Y&A and its employees and all third parties relating to Landmark, the Property, the Policy, and the Loss.

**RESPONSE:** Plaintiff objects on the basis that this Request is overbroad in scope and time, vague and unduly burdensome. Plaintiff also objects on the basis that this Request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Request the extent any such documents were generated after Plaintiff anticipated litigation and therefore are protected by the work product doctrine. Plaintiff also objects to the extent this Request seeks communications containing draft estimates, reports, and other documents protected from disclosure and thus is in direct violation of the scope of discovery for testifying expert witnesses set forth in Fed. R. Civ. P. 26(b). Plaintiff further objects to the extent this information is outside the scope of permissible discovery from a testifying expert witness in accordance with Fed. R. Civ. P. 26. Subject to and without waiving these objections, Plaintiff will produce non-privileged, responsive documents.

5.

Any and all reports and work papers prepared by Y&A and its employees at the request of Berkley, Admiral, and/or Sedgwick relating to Landmark, the Property, the Policy, and the Loss.

**RESPONSE:** Plaintiff objects to this Request as overly broad, unduly burdensome, vague and ambiguous. Specifically, it is unclear what Defendant means by "work papers" which is vague and ambiguous. Plaintiff also objects to this Request the extent any such documents were generated after Plaintiff anticipated litigation and therefore are protected by the work product doctrine. Plaintiff objects to the extent this Request seeks communications containing draft estimates, reports, and other documents protected from disclosure and thus is in direct violation of the scope of discovery for testifying expert witnesses set forth in Fed. R. Civ. P. 26(b). Plaintiff further objects to the extent this information is outside the scope of permissible discovery from a testifying expert witness in accordance with Fed. R. Civ. P. 26. Subject to and without waiving these objections, Plaintiff will produce non-privileged, responsive documents.

6.

Any and all estimates of damage prepared by Y&A or on its behalf related to Landmark, the Property, the Policy, and the Loss.

**RESPONSE:** Plaintiff objects to the extent any such documents were generated after Plaintiff anticipated litigation and therefore are protected by the work product doctrine. Plaintiff also objects to the extent this Request seeks communications containing draft estimates, reports, and other documents protected from disclosure and thus is in direct violation of the scope of discovery for testifying expert witnesses set forth in Fed. R. Civ. P. 26(b). Plaintiff further objects to the extent this information is outside the scope of permissible discovery from a testifying expert witness in accordance with Fed. R. Civ. P. 26. Subject to and without waiving these objections, Plaintiff will produce non-privileged, responsive documents.

7.

Any and all written reports prepared by Y&A relating to Landmark, the Property, the Policy, and the Loss.

**RESPONSE:** Plaintiff objects to this Request as duplicative. Plaintiff also objects to the extent any such documents were generated after Plaintiff anticipated litigation and therefore are protected by the work product doctrine. Plaintiff objects to the extent this Request seeks draft estimates, reports, and other documents protected from disclosure and thus is in direct violation of the scope of discovery for testifying expert witnesses set forth in Fed. R. Civ. P. 26(b). Plaintiff further objects to the extent this information is outside the scope of permissible discovery from a

testifying expert witness in accordance with Fed. R. Civ. P. 26. Subject to and without waiving these objections, Plaintiff will produce non-privileged, responsive documents.

8.

The complete file of Mr. Steve Lehman as it relates to Y&A's engagement by Berkley, Admiral, and/or Sedgwick relating to Landmark, the Property, the Policy, and the Loss.

**RESPONSE:** Plaintiff objects to this Request as duplicative, overly broad, vague and ambiguous. Plaintiff also objects on the basis that this Request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to the extent any such documents were generated after Plaintiff anticipated litigation and therefore are protected by the work product doctrine. Plaintiff further objects to the extent this Request seeks information which is outside the scope of permissible discovery from a testifying expert witness in accordance with Fed. R. Civ. P. 26. Subject to and without waiving these objections, Plaintiff will produce non-privileged, responsive documents.

This 30th day of April, 2025.

SWIFT CURRIE MCGHEE & HIERS, LLP

*/s/ Taylor C. Gore*
Jessica M. Phillips
Georgia Bar No. 922902
Taylor C. Gore
Georgia Bar No. 205817
*Attorneys for Plaintiff Admiral Indemnity Company*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel: 404-874-8800
Jessica.phillips@swiftcurrie.com
Taylor.gore@swiftcurrie.com

**LOCAL RULE 5.1(C) CERTIFICATION**

By signature below, counsel certifies that the foregoing pleading was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1(C).

Respectfully submitted this 30th day of April, 2025.

SWIFT CURRIE MCGHEE & HIERS, LLP

*/s/ Taylor C. Gore*

Jessica M. Phillips
Georgia Bar No. 922902
Taylor C. Gore
Georgia Bar No. 205817
*Attorneys for Plaintiff Admiral Indemnity Company*

1420 Peachtree Street, NE
Suite 800
Atlanta, GA 30309
Tel: (404) 874-8800
jessica.phillips@swiftcurrie.com
taylor.gore@swiftcurrie.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have electronically filed the foregoing **PLAINTIFF ADMIRAL INDEMNITY COMPANY'S NOTICE OF OBJECTION TO DEFENDANT THE LANDMARK CONDOMINIUM ASSOCIATION'S SUBPOENA TO YOUNG AND ASSOCIATES** with the Clerk of Court by e-filing same using the CM/ECF System, which will notify all counsel of record, including:

Michael B. Weinstein
David P. McDonald
Weinstein and Black
3050 Amwiler Road, Suite 200-C
Atlanta, GA 30360
mike@wblegal.net
dave@wblegal.net
*Attorneys for Defendant*

This 30th day of April, 2025.

SWIFT CURRIE MCGHEE & HIERS, LLP

*/s/ Taylor C. Gore*
Jessica M. Phillips
Georgia Bar No. 922902
Taylor C. Gore
Georgia Bar No. 205817
*Attorneys for Plaintiff Admiral Indemnity Company*

1420 Peachtree Street, NE
Suite 800
Atlanta, GA 30309
Tel: (404) 874-8800
jessica.phillips@swiftcurrie.com
taylor.gore@swiftcurrie.com

4902-7667-5900, v. 1