# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ADMIRAL INDEMNITY COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE LANDMARK CONDOMINIUM ) <br> ASSOCIATION, INC. ) <br> ) <br> Defendant. ) <br> ) | Civil Action File No.: 1:25-cv-00414-SEG |

## BRIEF IN SUPPORT OF MOTION TO INTERVENE

NOW COMES, INTERVENORS, NICKY BUGGS, FERN TERRELL-SCOTT, JANE DOE and JOHN DOE (hereinafter collectively referred to as "Intervenors" or "Homeowners"), by and through the undersigned counsel, and files this their *Brief in Support of Motion to Intervene* pursuant to Rule 24(a) of the Federal Rules of Civil Procedure and in the alternative Rule 24(b), Intervenors moves for leave to intervene as a *party defendant* in this action.

## STATEMENT OF FACTS

The present action rises out of an insurance claim initiated by Defendant The Landmark Condominium Association, Inc. ("Defendant Landmark"), who purports to represent the homeowners of said community, seeking coverage under Plaintiff Admiral Indemnity Company ("Admiral" or "Plaintiff") Policy No.: CPP 21-

*Admiral Indemnity Company v. The Landmark Condominium Association, Inc.*
US District Court Northern District of Georgia | CAFN: 1:25-cv-00414-SEG
**Brief in Support of Motion to Intervene**
Page **1** of **15**

21947510-30 (the "Policy") for damages caused by a fire loss to 215 Piedmont Avenue NE, Atlanta, Fulton County, Georgia 30308 (the "Property"), which occurred on or around January 17, 2024 (the "Loss"). The Property has two distinct demographic classifications: residential unit owners on the one hand and short term-rental businesses and other business entities on the other hand. The Loss originated in a commercial space located at the Property. At the time of the Loss, a business owned by George Edwin McGill and Angela McGill and operated by Yali Lu and Rachel Lu, occupied the commercial space not for the benefit of the Association. Yali Lu is the President of the Board of Directors of the Association. Alexandra Betancur is an unlicensed Property Manager of the Association.

At the request of Defendant Landmark, Relation Insurance, Inc. (independent agent for Defendant Landmark to procure insurance coverage) ("Relation Insurance") submitted an ACORD application dated February 8, 2023 (the "February 2023 ACORD Application") and the completed Exposure Workbook was submitted to carriers and independent insurance brokers on or around February 17, 2023. (See, Exhibit B of Plaintiff's Complaint; Exhibit D of Plaintiff's Complaint). The February 2023 Application stated the Property was "100%" sprinklered, and the Exposure Workbook stated "Sprinklered? Yes." The ACORD Application indicated that the electrical, mechanical, and wiring systems of the Property were installed and/or updated in 2021 and finally the Exposure Workbook indicated that the roof

*Admiral Indemnity Company v. The Landmark Condominium Association, Inc.*
US District Court Northern District of Georgia | CAFN: 1:25-cv-00414-SEG
**Brief in Support of Motion to Intervene**
Page **2** of **15**

of the Property was "updated" in 2021 and that the electrical, plumbing, and HVAC systems were "updated" in 2021.

On or around April 10, 2023, Defendant Landmark by and through Yali Lu filled out the Habitational Supplement with the knowledge that it would be submitted to Admiral's underwriters as part of its underwriting process. Defendant Landmark by and through Yali Lu represented in the Habitational Supplement that the Property was "100%" sprinklered and that the Property did not have any commercial units.

On or around June 13, 2023, Yali Lu was provided with a copy of the February 2023 ACORD Application which represented that the Property was "100%" Sprinklered. On or around June 13, 2023, Yali Lu personally signed the February 2023 ACORD Application and submitted it to Relation Insurance with the understanding it would be submitted to Admiral as part of the underwriting process. Yali Lu had an opportunity to review the information and representations contained within the signed ACORD Application before it was signed and submitted to Relation Insurance. Yali Lu made no effort to change and/or modify the information contained in the signed ACORD Application.

On or around January 17, 2024, a fire occurred at the Property which caused damage to the Property. The fire originated in commercial unit C5. Unit C5 was part of a commercial lease between FHS and Partners LLC and signed by "FHS Rachel Lu" (The sister of Yali Lu) and George McGill and Angela L. McGill. The

*Admiral Indemnity Company v. The Landmark Condominium Association, Inc.*
US District Court Northern District of Georgia | CAFN: 1:25-cv-00414-SEG
**Brief in Support of Motion to Intervene**
Page **3** of **15**

Commercial Space Unit C5 was used for profit by FHS and Partners LLC, not for communal benefit or the Association. The Commercial Lease Agreement concluded on or about March 31, 2020, but the Lu's remained in the office until the day of the January 17, 2024 fire incident. Due to the misrepresentation and actions of Yali Lu and Alexandra Betancur, Defendant Landmark, by and through Yali Lu and Alexandra Betancur, reported the Loss to Admiral on or around January 18, 2024. Admiral assigned claim number 204-1684 (the "Claim"). During the course of the Claim, Admiral learned that the Property contained five commercial units on the first floor and that the Property was not 100% sprinklered.

Based on the foregoing, Intervenors contends that uncertainty and insecurity exists between the parties with respect to the rights, status, damages, and other legal relations regarding coverage for the Property as a consequence of the Loss due to the misrepresentation and actions of Yali Lu and Alexandra Betancur in the February 2023 ACORD Application, Exposure Workbook, and Habitational Supplement and other activities of Landmark by and through Yali Lu and Alexandra Betancur during the procurement of the Policy and the coverage investigation process.

Admiral and the Intervenors are uncertain as to whether the amounts set forth in the proof of loss submitted by Defendant Landmark by and through Yali Lu on or about January 21, 2025 truly and accurately represent the reasonable and necessary costs to repair and/or replace damage to covered property as a result of the Loss.

*Admiral Indemnity Company v. The Landmark Condominium Association, Inc.*
US District Court Northern District of Georgia | CAFN: 1:25-cv-00414-SEG
**Brief in Support of Motion to Intervene**
Page **4** of **15**

Admiral and the Intervenors are uncertain as to whether the damages sought by Defendant Landmark reflects exacerbated damages which occurred as a result of Yali Lu and Alexandra Betancur's failure to take all reasonable steps necessary to protect the Property in accordance with Defendant Landmark's Duties After Loss set forth in the Policy.

The Intervenors have valid concerns regarding whether Yali Lu and Alexandra Betancur have the authority to file such a claim on behalf of the residential owners of the Property, given the disparate and inequitable allocation of resources between the residential and the business members of Defendant Landmark. It is based on this unequal and improper treatment that Intervenors found it necessary to retain counsel to represent their interests in this case.

## ARGUMENT AND CITATION OF AUTHORITIES

Fed.R.Civ.P.24 reads in pertinent part: "(a) INTERVENTION OF RIGHT. Upon timely application anyone shall be permitted to intervene in an action: … (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest. … (b) PERMISSIVE INTERVENTION. Upon timely application anyone may be permitted to intervene in an action: … (2) When an applicant's claim or defense and the main action have a question of law or fact in common…"

*Admiral Indemnity Company v. The Landmark Condominium Association, Inc.*
US District Court Northern District of Georgia | CAFN: 1:25-cv-00414-SEG
**Brief in Support of Motion to Intervene**
Page **5** of 15

## I. *Intervention As a Matter of Right Under Rule 24(a)(2)*

A lawsuit often is not merely a private fight and will have implications on those not named as parties. When evaluating whether the requirements for intervention of right are met, a court normally follows practical and equitable considerations and construes the governing rule broadly in favor of the proposed intervenors, since a liberal policy in favor of intervention serves both the efficient resolution of the issues and broadened access to the courts. See Wilderness Soc. v. U.S. Forest Service, 630 F.3d 1173 (9th Cir. 2011) and Martin v. Correction Corp. of America, D.C.Tenn.2005, 231 F.R.D. 532.

To establish a right to intervene under Rule 24(a)(2), an intervenor must show: (1) that the application is timely; (2) that it has an interest relating to the property or transaction which is the subject matter of the action; (3) that the protection of the interest may as a practical matter be impaired by the disposition of the action; and (4) that the interest is not adequately protected by an existing party. See U. S. Postal Service v. Brennan, 579 F.2d 188, 191 (2d Cir. 1978) and Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc., 725 F.2d 871, 874 (2d Cir. 1984).

Discovery is still pending and not fully completed in this matter, no Order has been entered, and no procedural motion has been filed by Plaintiff or Defendant. The *Complaint* was filed on or about January 30, 2025, with the *Answer* filed on or about March 18, 2025. Procedurally, this *Motion to Intervene* is timely and does not affect

*Admiral Indemnity Company v. The Landmark Condominium Association, Inc.*
US District Court Northern District of Georgia | CAFN: 1:25-cv-00414-SEG
**Brief in Support of Motion to Intervene**
Page **6** of 15

the posture of the case nor does it prejudice the existing parties to the case or delay the case. "When discovery has not been completed, there have been no significant decisions on the merits considered or decided and the parties could not be prejudiced by the delay between the completion of the pleadings and the motion to intervene, the motion must be considered timely for the purpose of Rule 24(a)." <u>Jet Traders Investment Corp. v. Tekair, Ltd.</u>, D.C.Del.1981, 89 F.R.D. 560.

Application of the rule requires that its components be read not discretely but together. A showing that a very strong interest exists may warrant intervention upon a lesser showing of impairment or inadequacy of representation. Similarly, where representation is clearly inadequate, a lesser interest may suffice as a basis for granting intervention. <u>U.S. v. Hooker Chemicals & Plastics Corp.</u>, 749 F.2d 968, 983, 21 Env't. Rep. Cas. (BNA) 1961, 40 Fed. R. Serv. 2d 269, 14 Envtl. L. Rep. 20875 (2d Cir. 1984).

The term "interest" as used in the Rule does not have a simple definition. Moreover, such an interest must be direct, as opposed to remote or contingent. See <u>Air Lines Stewards & Stewardesses Ass'n Local 550 v. American Airlines, Inc.</u>, 455 F.2d 101, 105, 4 Fair Empl. Prac. Cas. (BNA) 152, 4 Empl. Prac. Dec. (CCH) ¶ 7633 (7th Cir. 1972) and <u>In re Penn Central Commercial Paper Litigation</u>, 62 F.R.D. 341, 346-7, Fed. Sec. L. Rep. (CCH) ¶ 94493 (S.D. N.Y. 1974), aff'd, 515 F.2d 505 (2d Cir. 1975). Courts have recognized that economic interests are protectable for

*Admiral Indemnity Company v. The Landmark Condominium Association, Inc.*
US District Court Northern District of Georgia | CAFN: 1:25-cv-00414-SEG
**Brief in Support of Motion to Intervene**
Page **7** of **15**

purposes of intervention as a matter of right. See <u>New York Public Interest Research Group, Inc. v. Regents of University of State of N. Y.</u>, 516 F.2d 350, 352 (2d Cir. 1975). In the present matter, the outcome of the case will have financial implications on the membership of the Association and has such, Intervenors have an economic and property right to intervene. Intervenors are representing a distinct class of owners in the Property separate from the Board of Directors and short-term rental owners in the Property, and their financial interests and capacities vary from the short-term rental owners or owners who utilize the units more akin to hotels with guests and reservations in the Property, although both sets of owners are currently being represented in this suit by the Association who purports to represent all the Homeowners.

A party seeking intervention has the burden of demonstrating that the present parties do not adequately represent their interest. That burden, however, is minimal. See <u>Trbovich v. United Mine Workers of America</u>, 404 U.S. 528, 538, 92 S. Ct. 630, 30 L. Ed. 2d 686, 79 L.R.R.M. (BNA) 2193, 67 Lab. Cas. (CCH) ¶ 12346, 15 Fed. R. Serv. 2d 1083 (1972).

It has been said that if the interest of the Intervenor is not represented at all, then that party is not adequately represented. <u>Grubbs v. Norris</u>, 870 F.2d 343, 347, 13 Fed. R. Serv. 3d 522 (6th Cir. 1989) citing 7C Wright, Miller & Cooper, Federal Practice and Procedure, Civil § 1909. Presently the Association is under scrutiny

*Admiral Indemnity Company v. The Landmark Condominium Association, Inc.*
US District Court Northern District of Georgia | CAFN: 1:25-cv-00414-SEG
**Brief in Support of Motion to Intervene**
Page **8** of 15

based on the ultra vires acts of the Association President and Property Manager which has exposed the Association to significant liability that will ultimately unilaterally harm the members of the Association. The Association President and Property Manager, as will become clearer as discovery progresses, have acted beyond the scope of their legal duties and responsibilities and as a result have harmed the Association and cannot be trusted to act in the best interest of ALL members of the Association so as to put the Association in a position of limited to null liability. The remaining parties in this action have no interest in protecting or representing Intervenor's substantial "economic" interest in the Property.

In conclusion, the only party which can adequately represent Intervenor's interest is Intervenor. When one balances Intervenor's strong and direct economic and property interest in this action with the other Rule 24(a)(2) factors, one can only conclude that Intervenor's Motion should be granted.

## II. *Permissive Intervention Under Rule 24(b)(2)*

Should the Court deny Intervenor's motion to intervene as a matter of right, it could within its broad discretion permit Intervenor's intervention under Rule 24(b)(2). See <u>Securities and Exchange Commission v. Everest Management Corp.</u>, 475 F.2d 1236, 1240, Fed. Sec. L. Rep. (CCH) ¶ 93927 (2d Cir. 1972).

Under Rule 24(b)(2), intervention may be permitted when an Applicant's claim or defense and the main action have a question of law or fact in common. The

*Admiral Indemnity Company v. The Landmark Condominium Association, Inc.*
US District Court Northern District of Georgia | CAFN: 1:25-cv-00414-SEG
**Brief in Support of Motion to Intervene**
Page **9** of 15

Rule goes on to state that in exercising its discretion the Court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc., *supra*, at 876.

Going to the second part of the test, it is clear that intervention at this point would not unduly delay or prejudice the adjudication of the rights of the original parties as mentioned *infra*. Therefore, Intervenor's Motion will not cause undue delay.

The first part of the test is satisfied in the instant matter as Admiral and Intervenors are uncertain as to whether the amounts set forth in the proof of loss submitted by Defendant Landmark by and through Yali Lu on or about January 21, 2025 truly and accurately represent the reasonable and necessary costs to repair and/or replace damage to covered property as a result of the Loss. Admiral and the Intervenors are uncertain as to whether the damages sought by Defendant Landmark reflects exacerbated damages which occurred as a result of Yali Lu's failure to take all reasonable steps necessary to protect the Property in accordance with Defendant Landmark's Duties After Loss set forth in the Policy. The aforementioned legal nuances must be decided by the trier of fact and presently, as the Association is controlled by the Board President, the Association cannot adequately represent the interest of Intervenors.

*Admiral Indemnity Company v. The Landmark Condominium Association, Inc.*
US District Court Northern District of Georgia | CAFN: 1:25-cv-00414-SEG
**Brief in Support of Motion to Intervene**
Page **10** of 15

Georgia courts and common law have long held that a corporation is considered to be a person as it is defined by O.C.G.A. § 1-3-3(14). This standard is reenforced by <u>Scofield Rolling Mill Co. v. State</u>, 54 Ga. 635, 638–39 (1875) which states in pertinent part that "An aggregate corporation is an artificial person which can act, and does act, alone through agents. It deals with other corporations and with natural persons by its agents; it can deal with the world in no other way. It lives, breathes, moves only through its agents... It talks, and deals, and trades through them... It cannot live a moment without them... All its functions are performed by them, and all the objects of its creation by the state would fail without them." As such, the Association by and through President Yali Lu cannot adequately represent the interests of Intervenors as there is an inherent conflict in the interests of the Intervenors and Yali Lu.

## **CONCLUSION**

Intervention As a Matter of Right Under Rule 24(a)(2) is warranted as described infra. In the alternative, the Court is urged to use its broad discretion under Rule 24(b)(2) to allow Intervenors to intervene for the purpose of protecting the interests of members of the Association who would be damaged by the ultra vires acts of President Yali Lu and Property Manager Alexandra Betancur. It would be grossly *unfair* to Intervenors to deny their motion since Intervenors would likely be damaged as a result of this litigation due to Yali Lu and Alexandra Betancur's ultra

*Admiral Indemnity Company v. The Landmark Condominium Association, Inc.*
US District Court Northern District of Georgia | CAFN: 1:25-cv-00414-SEG
**Brief in Support of Motion to Intervene**
Page **11** of **15**

vires acts that have opened the Association up for liability and further the likely *stare decisis* effect of this Court's Action would preclude supplementary litigation. Still further, from the standpoint of judicial economy, this Court is familiar with the facts and issues of laws which have been raised in this litigation. Logically, it is this Court that should decide whether or not Intervenor is entitled intervene as a right or in the alternative, permissive intervention.

This 29th day of May 2025.

_____
Shivam T. Daftari, Esq.
GA Bar No. 279212
*Attorneys for Interveners*
**JOHN B. MILLER & ASSOCIATES, P.C.**
P.O. Box 675433
Marietta, GA 30006
P. (770) 863-8355
F. (678) 905-3227
sdaftari@johnbmillerlaw.com

*Admiral Indemnity Company v. The Landmark Condominium Association, Inc.*
US District Court Northern District of Georgia | CAFN: 1:25-cv-00414-SEG
**Brief in Support of Motion to Intervene**
Page **12** of 15

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ADMIRAL INDEMNITY COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action File No.: 1:25-cv-00414-SEG |
| | ) |
| THE LANDMARK CONDOMINIUM ASSOCIATION, INC. | ) |
| | ) |
| Defendant. | ) |

## LOCAL RULE 5.1(C) CERTIFICATION

By signature below, counsel certifies that the foregoing pleading was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1(C).

This <u>29th</u> day of <u>May,</u> 2025.

_____
Shivam T. Daftari, Esq.
GA Bar No. 279212
*Attorneys for Interveners*
**JOHN B. MILLER & ASSOCIATES, P.C.**
P.O. Box 675433
Marietta, GA 30006
P. (770) 863-8355
F. (678) 905-3227
sdaftari@johnbmillerlaw.com

*Admiral Indemnity Company v. The Landmark Condominium Association, Inc.*
US District Court Northern District of Georgia | CAFN: 1:25-cv-00414-SEG
**Brief in Support of Motion to Intervene**
Page **13** of 15

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ADMIRAL INDEMNITY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action File No.: 1:25-cv-00414- |
| ) | SEG |
| THE LANDMARK CONDOMINIUM ) | |
| ASSOCIATION, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served opposing party, by and through their attorney of record, with a true and accurate copy of the within and foregoing ***Brief in Support of Motion to Intervene*** to the following:

\_\_\_\_\_by placing in U.S. Mail, properly addressed and with adequate postage thereon.

__X__     by Statutory Electronic Service

| **Taylor C. Gore, Esq.**<br>**Jessica M. Phillips, Esq.**<br>Swift Currie McGhee & Hiers<br>1420 Peachtree Street NE, Ste 800<br>Atlanta, GA 30309<br>taylor.gore@swiftcurrie.com<br>jessica.phillips@swiftcurrie.com<br>*Attorneys for Admiral Indemnity Company* | **David P. McDonald, Jr., Esq.**<br>**Michael B. Weinstein, Esq.**<br>Weinstein & Black, LLC<br>3050 Amwiler Road, Suite 200-C<br>Atlanta, GA 30360<br>dave@wblegal.net<br>mike@wblegal.net<br>*Attorneys for The Landmark Condominium Association, Inc.* |

*Admiral Indemnity Company v. The Landmark Condominium Association, Inc.*
US District Court Northern District of Georgia | CAFN: 1:25-cv-00414-SEG
**Brief in Support of Motion to Intervene**
Page **14** of 15

|  |  |
|---|---|
|  |  |

This 29th day of May, 2025.

                                                  _____
Shivam T. Daftari, Esq.
GA Bar No. 279212
*Attorneys for Interveners*
**JOHN B. MILLER & ASSOCIATES, P.C.**
P.O. Box 675433
Marietta, GA 30006
P. (770) 863-8355
F. (678) 905-3227
sdaftari@johnbmillerlaw.com

*Admiral Indemnity Company v. The Landmark Condominium Association, Inc.*
US District Court Northern District of Georgia | CAFN: 1:25-cv-00414-SEG
**Brief in Support of Motion to Intervene**
Page **15** of **15**