# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ADMIRAL INDEMNITY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File No.: 1:25-cv-00414- |
| | ) | SEG |
| THE LANDMARK CONDOMINIUM | ) | |
| ASSOCIATION, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTERVENORS' ANSWER

COMES NOW INTERVENORS, NICKY BUGGS, FERN TERRELL-SCOTT, JOHN DOE and JANE DOE (hereinafter collectively referred to as "Intervenors" or "Homeowners"), by and through the undersigned counsel and files this, their *Answer*, respectfully showing this Honorable Court as follows:

## FIRST DEFENSE

To the extent as may be shown by the evidence, Intervenors aver the O.C.G.A. § 9-11-8(c) affirmative defenses of accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

///

## SECOND DEFENSE

Plaintiff's claims may be barred by the doctrine of unclean hands, and therefore, Plaintiff's *Complaint* should be dismissed accordingly.

## THIRD DEFENSE

To the extent as may be shown by the evidence through discovery, Plaintiff's claims may be barred by the doctrine of estoppel, ratification, and waiver, and therefore, Plaintiff's *Complaint* should be dismissed accordingly.

## FOURTH DEFENSE

Intervenors deny Plaintiff's allegations of wrongdoing or that it is entitled to any recovery from this Defendant, and therefore, Plaintiff's *Complaint* should be dismissed accordingly.

## FIFTH DEFENSE

Plaintiff's claims fail to satisfy a condition precedent.

## SIXTH DEFENSE

The facts having not been fully developed, Intervenors affirmatively pleads any of the following defenses that may become applicable to this action: assumption of risk, coercion, contract, contributory negligence, economic duress, election of remedies, failure of consideration, the failure of Plaintiff to mitigate damages or take reasonable steps to avoid damages, the failure of Plaintiff to exercise ordinary care, and any other matter constituting an avoidance or affirmative defense.

## SEVENTH DEFENSE

Plaintiff's claims are subject to setoff.

## EIGHTH DEFENSE

Intervenors reserve the right to plead and prove such other defenses, including but not limited to those allowed by O.C.G.A. § 9-11-8, as may become known through investigation of Plaintiff's claims and discovery.

## NINTH DEFENSE

Intervenors' conduct was not malicious, reckless, pursued with ill will, taken in bad faith, or stubbornly litigious, as such Plaintiff cannot establish a claim for attorneys' fees or any other tort under the laws of the State of Georgia.

## TENTH DEFENSE

As her Tenth Defense, Intervenors respond to each of the individually labeled paragraphs of Plaintiff's *Complaint* as follows:

1.

Intervenors admit that Plaintiff has quoted certain provisions of Federal law. Intervenors state that the quoted provisions speak for themselves and deny any allegations of paragraph 1 inconsistent therewith. Intervenors shows that paragraph 1 contains a prayer for relief. Intervenors denies any remaining allegations contained in paragraph 1 of Plaintiff's *Complaint.*

///

2.

Intervenors admit the allegations contained in Paragraph 2 of Plaintiff's *Complaint.*

3.

Intervenors admit the allegations contained in Paragraph 3 of Plaintiff's *Complaint.*

4.

Intervenors admit the allegations contained in Paragraph 4 of Plaintiff's *Complaint.*

5.

Intervenors admit the allegations contained in Paragraph 5 of Plaintiff's *Complaint.*

6.

Intervenors admit the allegations contained in Paragraph 6 of Plaintiff's *Complaint.*

7.

Intervenors admit that Plaintiff has incorporated certain exhibits. Intervenors state that the exhibits speak for themselves and denies any allegations of paragraph 7 inconsistent therewith. Intervenors deny any remaining allegations contained in paragraph 7 of Plaintiff's *Complaint*.

8.

Intervenors show that paragraph 8 contains a prayer for relief. To the extent required, Intervenors deny the same.

9.

Paragraph 9 of the Plaintiff's Complaint is a restatement of prior portions of the Complaint. Intervenors can neither admit nor deny this restatement except to the extent that prior paragraphs in the Complaint have been admitted or denied.

10.

Paragraph 10 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11.

Intervenors admit the allegations contained in Paragraph 11 of Plaintiff's *Complaint.*

12.

Paragraph 12 is a perception believed by Plaintiff and Plaintiff's counsel that is not a statement of fact. Intervenors can neither admit nor deny the allegations contained in paragraph 12 of the Plaintiff's Complaint.

///

///

13.

Paragraph 13 is a perception believed by Plaintiff and Plaintiff's counsel that is not a statement of fact. Intervenors can neither admit nor deny the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14.

Intervenors admit the allegations contained in Paragraph 14 of Plaintiff's *Complaint*.

15.

Paragraph 15 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16.

Paragraph 16 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17.

Paragraph 17 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 17 of the Plaintiff's Complaint.

///

18.

Paragraph 18 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19.

Intervenors admit that Plaintiff has incorporated certain exhibits. Intervenors state that the exhibits speak for themselves and denies any allegations of paragraph 19 inconsistent therewith. Intervenors deny any remaining allegations contained in paragraph 19 of Plaintiff's *Complaint*.

20.

Intervenors admit that Plaintiff has incorporated certain exhibits. Intervenors state that the exhibits speak for themselves and denies any allegations of paragraph 20 inconsistent therewith. Intervenors deny any remaining allegations contained in paragraph 20 of Plaintiff's *Complaint.*

21.

Intervenors admit that Plaintiff has incorporated certain exhibits. Intervenors state that the exhibits speak for themselves and denies any allegations of paragraph 21 inconsistent therewith. Intervenors deny any remaining allegations contained in paragraph 21 of Plaintiff's *Complaint.*

///

22.

Intervenors admit the allegations contained in Paragraph 22 of Plaintiff's *Complaint.*

23.

Paragraph 23 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 23 of the Plaintiff's Complaint.

24.

Intervenors admit that Plaintiff has incorporated certain exhibits. Intervenors state that the exhibits speak for themselves and denies any allegations of paragraph 24 inconsistent therewith. Intervenors deny any remaining allegations contained in paragraph 24 of Plaintiff's *Complaint.*

25.

Intervenors admit that Plaintiff has incorporated certain exhibits. Intervenors state that the exhibits speak for themselves and denies any allegations of paragraph 25 inconsistent therewith. Intervenors deny any remaining allegations contained in paragraph 25 of Plaintiff's *Complaint.*

26.

Intervenors admit that Plaintiff has incorporated certain exhibits. Intervenors state that the exhibits speak for themselves and denies any allegations of paragraph

26 inconsistent therewith. Intervenors deny any remaining allegations contained in paragraph 26 of Plaintiff's *Complaint*.

27.

Intervenors admit that Plaintiff has incorporated certain exhibits. Intervenors state that the exhibits speak for themselves and denies any allegations of paragraph 27 inconsistent therewith. Intervenors deny any remaining allegations contained in paragraph 27 of Plaintiff's *Complaint*.

28.

Intervenors admit that Plaintiff has incorporated certain exhibits. Intervenors state that the exhibits speak for themselves and denies any allegations of paragraph 28 inconsistent therewith. Intervenors deny any remaining allegations contained in paragraph 28 of Plaintiff's *Complaint*.

29.

Paragraph 29 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 29 of the Plaintiff's Complaint.

30.

Paragraph 30 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 30 of the Plaintiff's Complaint.

31.

Paragraph 31 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 31 of the Plaintiff's Complaint.

32.

Paragraph 32 is a perception believed by Plaintiff and Plaintiff's counsel that is not a statement of fact. Intervenors can neither admit nor deny the allegations contained in paragraph 32 of the Plaintiff's Complaint.

33.

Paragraph 33 is a perception believed by Plaintiff and Plaintiff's counsel that is not a statement of fact. Intervenors can neither admit nor deny the allegations contained in paragraph 33 of the Plaintiff's Complaint.

34.

Paragraph 34 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 34 of the Plaintiff's Complaint.

35.

Paragraph 35 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 35 of the Plaintiff's Complaint.

36.

Paragraph 36 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 36 of the Plaintiff's Complaint.

37.

Paragraph 37 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 37 of the Plaintiff's Complaint.

38.

Paragraph 38 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 38 of the Plaintiff's Complaint.

39.

Intervenors admit that Plaintiff has incorporated certain exhibits. Intervenors state that the exhibits speak for themselves and denies any allegations of paragraph 39 inconsistent therewith. Intervenors deny any remaining allegations contained in paragraph 39 of Plaintiff's *Complaint*.

40.

Intervenors admit that Plaintiff has incorporated certain exhibits. Intervenors state that the exhibits speak for themselves and denies any allegations of paragraph

40 inconsistent therewith. Intervenors deny any remaining allegations contained in paragraph 40 of Plaintiff's *Complaint*.

41.

Intervenors admit that Plaintiff has incorporated certain exhibits. Intervenors state that the exhibits speak for themselves and denies any allegations of paragraph 41 inconsistent therewith. Intervenors deny any remaining allegations contained in paragraph 41 of Plaintiff's *Complaint*.

42.

Intervenors admit that Plaintiff has incorporated certain exhibits. Intervenors state that the exhibits speak for themselves and denies any allegations of paragraph 42 inconsistent therewith. Intervenors deny any remaining allegations contained in paragraph 42 of Plaintiff's *Complaint*.

43.

Intervenors admit that Plaintiff has incorporated certain exhibits. Intervenors state that the exhibits speak for themselves and denies any allegations of paragraph 43 inconsistent therewith. Intervenors deny any remaining allegations contained in paragraph 43 of Plaintiff's *Complaint*.

///

///

///

44.

Paragraph 44 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 44 of the Plaintiff's Complaint.

45.

Paragraph 45 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 45 of the Plaintiff's Complaint.

46.

Paragraph 46 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 46 of the Plaintiff's Complaint.

47.

Paragraph 47 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 47 of the Plaintiff's Complaint.

48.

Paragraph 48 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 48 of the Plaintiff's Complaint.

49.

Paragraph 49 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 49 of the Plaintiff's Complaint.

50.

Intervenors admit that Plaintiff has incorporated certain exhibits. Intervenors state that the exhibits speak for themselves and denies any allegations of paragraph 50 inconsistent therewith. Intervenors deny any remaining allegations contained in paragraph 50 of Plaintiff's *Complaint*.

51.

Intervenors admit that Plaintiff has incorporated certain exhibits. Intervenors state that the exhibits speak for themselves and denies any allegations of paragraph 51 inconsistent therewith. Intervenors deny any remaining allegations contained in paragraph 51 of Plaintiff's *Complaint*.

52.

Intervenors admit that Plaintiff has incorporated certain exhibits. Intervenors state that the exhibits speak for themselves and denies any allegations of paragraph 52 inconsistent therewith. Intervenors deny any remaining allegations contained in paragraph 52 of Plaintiff's *Complaint*.

///

53.

Intervenors admit that Plaintiff has incorporated certain exhibits. Intervenors state that the exhibits speak for themselves and denies any allegations of paragraph 53 inconsistent therewith. Intervenors deny any remaining allegations contained in paragraph 53 of Plaintiff's *Complaint*.

54.

Paragraph 54 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 4 of the Plaintiff's Complaint.

55.

Paragraph 55 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 55 of the Plaintiff's Complaint.

56.

Paragraph 56 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 56 of the Plaintiff's Complaint.

///

///

///

57.

Paragraph 57 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 57 of the Plaintiff's Complaint.

58.

Paragraph 58 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 58 of the Plaintiff's Complaint.

59.

Paragraph 59 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 59 of the Plaintiff's Complaint.

60.

Paragraph 60 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 60 of the Plaintiff's Complaint.

61.

Paragraph 60 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 60 of the Plaintiff's Complaint.

62.

Paragraph 62 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 62 of the Plaintiff's Complaint.

63.

Paragraph 63 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 63 of the Plaintiff's Complaint.

64.

Paragraph 64 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 64 of the Plaintiff's Complaint.

65.

Paragraph 65 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 65 of the Plaintiff's Complaint.

66.

Intervenors admit that Plaintiff has incorporated certain exhibits. Intervenors state that the exhibits speak for themselves and denies any allegations of paragraph

66 inconsistent therewith. Intervenors deny any remaining allegations contained in paragraph 66 of Plaintiff's *Complaint*.

67.

Intervenors admit that Plaintiff has incorporated certain exhibits. Intervenors state that the exhibits speak for themselves and denies any allegations of paragraph 67 inconsistent therewith. Intervenors deny any remaining allegations contained in paragraph 67 of Plaintiff's *Complaint*.

68.

Intervenors admit that Plaintiff has incorporated certain exhibits. Intervenors state that the exhibits speak for themselves and denies any allegations of paragraph 68 inconsistent therewith. Intervenors deny any remaining allegations contained in paragraph 68 of Plaintiff's *Complaint*.

69.

Paragraph 69 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 69 of the Plaintiff's Complaint.

70.

Paragraph 70 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 70 of the Plaintiff's Complaint.

71.

Intervenors admit the allegations contained in Paragraph 71 of Plaintiff's *Complaint*.

72.

Intervenors admit the allegations contained in Paragraph 72 of Plaintiff's *Complaint*.

73.

Paragraph 73 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 73 of the Plaintiff's Complaint.

74.

Paragraph 74 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 74 of the Plaintiff's Complaint.

75.

Paragraph 75 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 75 of the Plaintiff's Complaint.

///

///

76.

Paragraph 76 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 76 of Plaintiff's Complaint.

77.

Intervenors admit that Plaintiff has incorporated certain exhibits. Intervenors state that the exhibits speak for themselves and denies any allegations of paragraph 68 inconsistent therewith. Intervenors deny any remaining allegations contained in paragraph 68 of Plaintiff's *Complaint*.

78.

Intervenors admit that Plaintiff has incorporated certain exhibits. Intervenors state that the exhibits speak for themselves and denies any allegations of paragraph 78 inconsistent therewith. Intervenors deny any remaining allegations contained in paragraph 78 of Plaintiff's *Complaint*.

79.

Intervenors admit that Plaintiff has incorporated certain exhibits. Intervenors state that the exhibits speak for themselves and denies any allegations of paragraph 79 inconsistent therewith. Further, Paragraph 79 is a perception believed by Plaintiff and Plaintiff's counsel that is not a statement of fact. Intervenors deny any remaining allegations contained in paragraph 79 of Plaintiff's *Complaint*.

80.

Paragraph 76 of the Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, Intervenors can neither admit nor deny the allegations contained in paragraph 76 of Plaintiff's Complaint.

81.

Paragraph 81 of the Plaintiff's Complaint is a restatement of prior portions of the Complaint. Intervenors can neither admit nor deny this restatement except to the extent that prior paragraphs in the Complaint have been admitted or denied.

82.

Intervenors admit that Plaintiff has incorporated certain exhibits. Intervenors state that the exhibits speak for themselves and denies any allegations of paragraph 82 inconsistent therewith. Intervenors deny any remaining allegations contained in paragraph 82 of Plaintiff's *Complaint*.

83.

Intervenors admit that Plaintiff has incorporated certain exhibits. Intervenors state that the exhibits speak for themselves and denies any allegations of paragraph 83 inconsistent therewith. Intervenors deny any remaining allegations contained in paragraph 83 of Plaintiff's *Complaint*.

///

///

84.

Intervenors admit that Plaintiff has incorporated certain exhibits. Intervenors state that the exhibits speak for themselves and denies any allegations of paragraph 84 inconsistent therewith. Intervenors deny any remaining allegations contained in paragraph 84 of Plaintiff's *Complaint*.

85.

Intervenors admit that Plaintiff has incorporated certain exhibits. Intervenors state that the exhibits speak for themselves and denies any allegations of paragraph 85 inconsistent therewith. Intervenors deny any remaining allegations contained in paragraph 85 of Plaintiff's *Complaint*.

86.

Intervenors admit that Plaintiff has incorporated certain exhibits. Intervenors state that the exhibits speak for themselves and denies any allegations of paragraph 86 inconsistent therewith. Intervenors deny any remaining allegations contained in paragraph 86 of Plaintiff's *Complaint*.

87.

Intervenors admit that Plaintiff has incorporated certain exhibits. Intervenors state that the exhibits speak for themselves and denies any allegations of paragraph 87 inconsistent therewith. Intervenors deny any remaining allegations contained in paragraph 87 of Plaintiff's *Complaint*.

88.

Intervenors admit that Plaintiff has incorporated certain exhibits. Intervenors state that the exhibits speak for themselves and denies any allegations of paragraph 88 inconsistent therewith. Intervenors deny any remaining allegations contained in paragraph 88 of Plaintiff's *Complaint*.

89.

Intervenors admit that Plaintiff has incorporated certain exhibits. Intervenors state that the exhibits speak for themselves and denies any allegations of paragraph 89 inconsistent therewith. Intervenors deny any remaining allegations contained in paragraph 89 of Plaintiff's *Complaint*.

90.

Intervenors admit that Plaintiff has incorporated certain exhibits. Intervenors state that the exhibits speak for themselves and denies any allegations of paragraph 90 inconsistent therewith. Intervenors deny any remaining allegations contained in paragraph 90 of Plaintiff's *Complaint*.

91.

Intervenors admit that Plaintiff has incorporated certain exhibits. Intervenors state that the exhibits speak for themselves and denies any allegations of paragraph 91 inconsistent therewith. Intervenors deny any remaining allegations contained in paragraph 91 of Plaintiff's *Complaint*.

92.

Intervenors show that paragraph 92 contains a prayer for relief. To the extent required, Intervenors deny the same.

93.

Paragraph 93 of the Plaintiff's Complaint is a restatement of prior portions of the Complaint. Intervenors can neither admit nor deny this restatement except to the extent that prior paragraphs in the Complaint have been admitted or denied.

94.

Intervenors show that paragraph 94 contains a prayer for relief. To the extent required, Intervenors deny the same.

95.

Paragraph 95 is a perception believed by Plaintiff and Plaintiff's counsel that is not a statement of fact. Intervenors can neither admit nor deny the allegations contained in paragraph 95 of Plaintiff's Complaint.

96.

Paragraph 96 is a perception believed by Plaintiff and Plaintiff's counsel that is not a statement of fact. Intervenors can neither admit nor deny the allegations contained in paragraph 96 of Plaintiff's Complaint.

///

///

97.

Paragraph 97 is a perception believed by Plaintiff and Plaintiff's counsel that is not a statement of fact. Intervenors can neither admit nor deny the allegations contained in paragraph 97 of Plaintiff's Complaint.

98.

Paragraph 98 is a perception believed by Plaintiff and Plaintiff's counsel that is not a statement of fact.  Intervenors can neither admit nor deny the allegations contained in paragraph 98 of Plaintiff's Complaint.

99.

Paragraph 99 is a perception believed by Plaintiff and Plaintiff's counsel that is not a statement of fact.  Intervenors can neither admit nor deny the allegations contained in paragraph 99 of Plaintiff's Complaint.

100.

Paragraph 100 is a perception believed by Plaintiff and Plaintiff's counsel that is not a statement of fact.  Intervenors can neither admit nor deny the allegations contained in paragraph 100 of Plaintiff's Complaint.

101.

Intervenors show that paragraph 101 contains a prayer for relief. To the extent required, Intervenors deny the same.

///

102.

Intervenors show that paragraph 102 contains a prayer for relief. To the extent required, Intervenors deny the same.

103.

Paragraph 103 of the Plaintiff's Complaint is a restatement of prior portions of the Complaint. Intervenors can neither admit nor deny this restatement except to the extent that prior paragraphs in the Complaint have been admitted or denied.

104.

Intervenors show that paragraph 104 contains a prayer for relief. To the extent required, Intervenors deny the same.

105.

Intervenors show that paragraph 105 contains a prayer for relief. To the extent required, Intervenors deny the same.

106.

Intervenors show that paragraph 106 contains a prayer for relief. To the extent required, Intervenors deny the same.

107.

Paragraph 107 of the Plaintiff's Complaint is a restatement of prior portions of the Complaint. Intervenors can neither admit nor deny this restatement except to the extent that prior paragraphs in the Complaint have been admitted or denied.

108.

Intervenors show that paragraph 108 contains a prayer for relief. To the extent required, Intervenors deny the same.

109.

Intervenors admit that Plaintiff has incorporated certain exhibits. Intervenors state that the exhibits speak for themselves and denies any allegations of paragraph 109 inconsistent therewith. Intervenors deny any remaining allegations contained in paragraph 109 of Plaintiff's *Complaint*.

110.

Paragraph 110 is a perception believed by Plaintiff and Plaintiff's counsel that is not a statement of fact.  Intervenors can neither admit nor deny the allegations contained in paragraph 110 of Plaintiff's Complaint.

111.

Paragraph 111 is a perception believed by Plaintiff and Plaintiff's counsel that is not a statement of fact.  Intervenors can neither admit nor deny the allegations contained in paragraph 111 of Plaintiff's Complaint.

112.

Paragraph 112 is a perception believed by Plaintiff and Plaintiff's counsel that is not a statement of fact.  Intervenors can neither admit nor deny the allegations contained in paragraph 112 of Plaintiff's Complaint.

113.

Paragraph 113 is a perception believed by Plaintiff and Plaintiff's counsel that is not a statement of fact. Intervenors can neither admit nor deny the allegations contained in paragraph 113 of Plaintiff's Complaint.

114.

Paragraph 114 is a perception believed by Plaintiff and Plaintiff's counsel that is not a statement of fact. Intervenors can neither admit nor deny the allegations contained in paragraph 114 of Plaintiff's Complaint.

115.

Paragraph 115 is a perception believed by Plaintiff and Plaintiff's counsel that is not a statement of fact. Intervenors can neither admit nor deny the allegations contained in paragraph 115 of Plaintiff's Complaint.

116.

Paragraph 116 is a perception believed by Plaintiff and Plaintiff's counsel that is not a statement of fact. Intervenors can neither admit nor deny the allegations contained in paragraph 116 of Plaintiff's Complaint.

117.

Intervenors show that paragraph 117 contains a prayer for relief. To the extent required, Intervenors deny the same.

///

118.

Paragraph 118 of the Plaintiff's Complaint is a restatement of prior portions of the Complaint. Intervenors can neither admit nor deny this restatement except to the extent that prior paragraphs in the Complaint have been admitted or denied.

119.

Paragraph 119 is a perception believed by Plaintiff and Plaintiff's counsel that is not a statement of fact. Intervenors can neither admit nor deny the allegations contained in paragraph 119 of Plaintiff's Complaint.

120.

Paragraph 120 is a perception believed by Plaintiff and Plaintiff's counsel that is not a statement of fact. Intervenors can neither admit nor deny the allegations contained in paragraph 120 of Plaintiff's Complaint.

121.

Intervenors show that paragraph 121 contains a prayer for relief. To the extent required, Intervenors deny the same.

122.

Paragraph 122 is a perception believed by Plaintiff and Plaintiff's counsel that is not a statement of fact. Intervenors can neither admit nor deny the allegations contained in paragraph 122 of Plaintiff's Complaint.

///

123.

Paragraph 123 is a perception believed by Plaintiff and Plaintiff's counsel that is not a statement of fact. Intervenors can neither admit nor deny the allegations contained in paragraph 123 of Plaintiff's Complaint.

124.

Intervenors show that paragraph 121 contains a prayer for relief. To the extent required, Intervenors deny the same.

125.

Paragraph 125 of the Plaintiff's Complaint is a restatement of prior portions of the Complaint. Intervenors can neither admit nor deny this restatement except to the extent that prior paragraphs in the Complaint have been admitted or denied.

126.

Intervenors show that paragraph 126 contains a prayer for relief. To the extent required, Intervenors deny the same.

127.

Intervenors show that paragraph 127 contains a prayer for relief. To the extent required, Intervenors deny the same.

128.

Intervenors show that paragraph 128 contains a prayer for relief. To the extent required, Intervenors deny the same.

129.

Intervenors show that paragraph 129 contains a prayer for relief. To the extent required, Intervenors deny the same.

130.

Intervenors show that paragraph 130 contains a prayer for relief. To the extent required, Intervenors deny the same.

WHEREFORE, Intervenors prays that this Court:

A. dismiss Plaintiff's Complaint and cast all costs and expenses of this action against Plaintiff and in favor of Intervenors;

B. grant Intervenors a judgment against Plaintiff for attorney's fees and the expenses of litigation pursuant to O.C.G.A. § 13-6-11 and§ 9-15-14; and

C. any further relief that this Court deems appropriate and just.

Submitted this 29th day of May, 2025.

Shivam T. Daftari, Esq.
GA Bar No. 279212
*Attorneys for Intervenors*
**JOHN B. MILLER & ASSOCIATES, P.C.**
P.O. Box 675433
Marietta, GA 30006
P. (770) 863-8355
F. (678) 905-3227
sdaftari@johnbmillerlaw.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ADMIRAL INDEMNITY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action File No.: 1:25-cv-00414- |
| ) | SEG |
| THE LANDMARK CONDOMINIUM ) | |
| ASSOCIATION, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## LOCAL RULE 5.1(C) CERTIFICATION

By signature below, counsel certifies that the foregoing pleading was prepared

in Times New Roman, 14-point font in compliance with Local Rule 5.1(C).

This <u>29th</u> day of <u>May,</u> 2025.

_____

Shivam T. Daftari, Esq.
GA Bar No. 279212
*Attorneys for Intervenors*
**JOHN B. MILLER & ASSOCIATES, P.C.**
P.O. Box 675433
Marietta, GA 30006
P. (770) 863-8355
F. (678) 905-3227
sdaftari@johnbmillerlaw.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ADMIRAL INDEMNITY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File No.: 1:25-cv-00414- |
| | ) | SEG |
| THE LANDMARK CONDOMINIUM | ) | |
| ASSOCIATION, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served opposing party, by and through their attorney of record, with a true and accurate copy of the within and foregoing *Intervenors' Answer* to the following:

\_\_\_\_\_ by placing in U.S. Mail, properly addressed and with adequate postage thereon.

\_\_X\_\_    by Statutory Electronic Service

| | |
|---|---|
| **Taylor C. Gore, Esq.**<br>**Jessica M. Phillips, Esq.**<br>Swift Currie McGhee & Hiers<br>1420 Peachtree Street NE, Ste 800<br>Atlanta, GA 30309<br>taylor.gore@swiftcurrie.com<br>jessica.phillips@swiftcurrie.com<br>*Attorneys for Admiral Indemnity Company* | **David P. McDonald, Jr., Esq.**<br>**Michael B. Weinstein, Esq.**<br>Weinstein & Black, LLC<br>3050 Amwiler Road, Suite 200-C<br>Atlanta, GA 30360<br>dave@wblegal.net<br>mike@wblegal.net<br>*Attorneys for The Landmark Condominium Association, Inc.* |

| | |
|---|---|
| | |

This <u>29th</u> day of <u>May,</u> 2025.

Shivam T. Daftari, Esq.
GA Bar No. 279212
*Attorneys for Intervenors*
**JOHN B. MILLER & ASSOCIATES, P.C.**
P.O. Box 675433
Marietta, GA 30006
P. (770) 863-8355
F. (678) 905-3227
sdaftari@johnbmillerlaw.com