## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ADMIRAL INDEMNITY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 1:25-cv-00414-SEG |
| | ) | |
| THE LANDMARK CONDOMINIUM | ) | |
| ASSOCIATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION TO INTERVENE

**COMES NOW** Defendant The Landmark Condominium Association, Inc. ("Landmark" or "Defendant"), and, in response and opposition to the Motion to Intervene filed by Nicky Buggs ("Buggs"), Fern-Terrell-Scott ("Terrell-Scott"), Jane Doe, and John Doe (Doc. 36), shows the Court as follows:

## I.    INTRODUCTION AND FACTUAL BACKGROUND

This case arises out of an insurance claim initiated by Defendant Landmark seeking coverage under an insurance policy for damages caused by a fire loss to the Property, which occurred on or around January 17, 2024. Specifically, on or about June 20, 2023, Plaintiff Admiral Indemnity Company ("Admiral" or "Plaintiff") issued Defendant an insurance policy to Landmark (the "Policy"), whereby in exchange for payment of a premium, Plaintiff agreed to provide property and general

liability insurance coverage for the condominium located at 215 Piedmont Avenue NE, Atlanta, Georgia 30308 (the "Property"). The Policy has effective dates of June 20, 2023 through June 30, 2024, and provides for up to $32,230,924.00 in coverage for damage to the Property.

On or about January 17, 2024, an accidental fire occurred, which caused significant damage to the Property. Upon learning of the fire, Defendant reported the fire to Plaintiff, and in response, Plaintiff assigned the fire Claim No. 2041684 (the "Claim"). On or about May 9, 2024, Plaintiff, for the first time, issued a Reservation of Rights letter to Defendant, in which Plaintiff stated that: (1) It is questionable whether the Policy application contained accurate information; (2) It is questionable as to whether there has been a breach of any of the Policy's conditions in conjunction with representations made during the application process and presentation of the Claim; and (3) There are questions as to whether the concealment or fraud provision of the Policy has been violated.

Thereafter, on September 16, 2024, Landmark filed a lawsuit seeking a declaratory judgment against Admiral. *See* Case No. 1:24-cv-04139-SEG (the "First Lawsuit"). Among other things, Landmark noted that Admiral continued to refuse to acknowledge coverage of the Claim and adjust the Claim in good faith, which created a dispute between Landmark and Admiral. The position taken by Admiral left Petitioner in a position of uncertainty, as it was operating in the dark regarding

2

appropriate measures to take as a direct result of the damages caused by the January 17, 2024 fire. As a result of the foregoing, Landmark requested that the Court declare that the Claim is a covered loss pursuant to the terms and conditions of the Policy and applicable law, and to declare that Admiral has an obligation to provide coverage and compensate Landmark for all damages sustained.

On January 30, 2025, Plaintiff filed the present lawsuit, seeking a declaratory judgment, including that Admiral has the right to rescind the Policy and/or declare the Policy void ab initio pursuant to O.C.G.A. § 33-24-7(b)(2) due to alleged misrepresentations, omissions, concealment of facts and/or incorrect statements, which were material to the acceptance of the risk or the hazard assumed by Admiral. Landmark denies Admiral's allegations in the Complaint and has filed a counterclaim against Admiral for breach of contract and bad faith damages pursuant to O.C.G.A. § 33-4-6. Among other things, Landmark alleges that Admiral's failure to acknowledge coverage of the Claim and its failure to issue payment for same is a breach of the terms and conditions of the Policy, and as a result of Plaintiff's breach, Defendant has been damaged in an amount to be determined at trial.

Now, on or about May 29, 2025, applicants Nicky Buggs and Fern Terrell-Scott ("Applicants"), residents at the Property, filed a Motion to Intervene (Doc.

314400060v.2

36).[1] After reciting the allegations of both parties in this matter, Applicants contend that "uncertainty and insecurity exists between the parties with respect to the rights, status, damages, and other relations regarding coverage for the Property . . . ." (Doc. 26 at p. 4.) Specifically, they claim that they "have valid concerns regarding whether Yali Lu and Alexandra Betancur have the authority to file such a claim on behalf of the residential owners of the Property, given the disparate and inequitable allocation of resources between the residential and the business members of Defendant Landmark." (Doc. 36 at p. 5.) They contend that "It is based on this unequal and improper treatment that Intervenors found it necessary to retain counsel to represent their interests in this case." (*Id.*)

As explained below, Applicants' Motion to Intervene should be denied, because they fail to establish that they are entitled to intervention as a matter of right or for permissive intervention under Rule 24.

---

[1]  Fern Terrell-Scott also filed a Motion to Intervene in other litigation involving Landmark in the Superior Court of Fulton County. *See Kurtzman, et al. v. Landmark Condominium Association,* Case No. 24CV015396. Her Motion to Intervene in that case was denied on June 20, 2025.

## II.    ARGUMENT AND CITATION OF AUTHORITY

**1.    Intervention is inappropriate under Federal Rule of Civil Procedure 24.**

**A.    The Court should deny the Motion to Intervene as of right.**

Applicants claim that they have a right to intervene under Federal Rule of Civil Procedure 24(a)(2) because their interests are not being fully represented.[2] Intervention as of right is appropriate under Federal Rule 24(a)(2) when:

> (1) the application to intervene is timely; (2) the applicant has an interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that the disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) the applicant's interest will not be represented adequately by the existing parties to the suit.

*Sierra Club, Inc. v. Leavitt*, 488 F.3d 904, 910 (11th Cir. 2007) (quoting *ManaSota-88, Inc. v. Tidwell*, 896 F.2d 1318, 1321 (11th Cir. 1990)).  The putative intervenor bears the burden of proof with regard to the four elements necessary for intervention as of right.  *Burke v. Ocwen Fin. Corp.*, 833 F. App'x 288, 291 (11th Cir. 2020).  As set forth below, Buggs and Terrell-Scott have failed to satisfy the elements required for intervention as of right.

       1.    Applicants fail to demonstrate that they have an interest relating to the property or transaction which is the subject of *this action*.

---

[2]    Buggs and Terrell-Scott cite specifically to intervention as of right under Federal Rule of Civil Procedure 24(a)(2).  They allege no claim to an intervention as of right under Federal Rule 24(a)(1).

314400060v.2

To intervene as of right under Federal Rule 24(a)(2), the intervenor must have an interest related to the property or transaction at issue. In the Eleventh Circuit, to have such an interest, "the putative intervenor 'must be at least a real party in interest in the transaction which is the subject of the proceeding.' . . . The interest must be 'direct, substantial, [and] legally protectable,' . . . and a generalized grievance is insufficient." *Burke*, 833 F. App'x at 292 (*quoting Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1512 (11th Cir. 1996); *citing Chiles v. Thornburgh*, 865 F.2d 1197, 1212-13 (11th Cir. 1989)).

Applicants claim they have an interest because "the outcome of the case will have financial implications on the membership of the Association and []as such, Intervenors have an economic and property right to intervene." (Doc. 36-1 at p. 10.) Initially, this contention in insufficiently vague, and Applicants fail to establish how "the outcome of the case will have financial implications on the membership of the Association." They then claim that this vague interest means they "have an economic and property right to intervene." (*Id.*) But, Applicants fail to identify this purported "economic and property right" or explain the basis for their contention. Instead, their alleged interest is unclear. Although they contend that they are intervening as a defendant in this matter, they also make allegations that align with Admiral. For example, they argue that Admiral and Applicants are "uncertain" as to certain

matters, including the amounts set forth in the proof of loss submitted by Landmark. (Doc. 36 at p. 4.)

They further argue that "Intervenors are representing a distinct class of owners in the Property separate from the Board of Directors and short-term rental owners in the Property, and their financial interests and capacities vary from the short-term rental owners or owners who utilize the units more akin to hotels with guests and reservations in the Property, although both sets of owners are currently being represented in this suit by the Association who purports to represent all the Homeowners." (Doc. 36-1 at p. 8.) To be clear, Applicants have not asserted claims or defenses on behalf of a putative class pursuant to Rule 23.[3] Instead, the Motion is only brought by Applicants, who are residents of the Property. They also recognize that "both sets of owners are currently being represented in this suit by the Association who purports to represent all the Homeowners." (Doc. 36 at 8.)

Ultimately, Applicants do not establish that they have an interest relating to the property or transaction that is the subject of this action, which relates to property insurance. Admiral has filed this declaratory judgment action seeking to rescind the Policy based on alleged misrepresentations by representatives of Landmark. In turn, Landmark has filed a counterclaim asserting claims for breach of contract and bad

---

[3] Applicants claim to bring this Motion on behalf of themselves and "Jane Doe" and "John Doe," but fail to explain who those individuals are or might be and how they impact the Motion.

314400060v.2

faith damages pursuant to O.C.G.A. § 33-4-6. Among other things, Landmark is seeking a declaration that the claim is a covered loss pursuant to the terms and conditions of the Policy and applicable law, as well as a declaration that Plaintiff has an obligation to compensate Landmark for all damages sustained.

For these reasons, Applicants have failed to establish that they are real parties "in interest in the transaction which is the subject of the proceeding." *Burke*, 833 F. App'x at 292 (citations omitted). Moreover, they fail to demonstrate that they have a "direct, substantial, [and] legally protectable" interest. *Id.* Instead, they describe a vague and "generalized grievance" insufficient to establish entitlement to intervention by right. *See id.*

In short, Buggs and Terrell-Scott do not have an interest relating to the property or transaction which is the subject of the action.

> 2. Applicants fail to demonstrate that the disposition of the action, as a practical matter, may impede or impair their ability to protect that interest.

Additionally, an intervenor as of right under Federal Rule 24(a)(2) must establish that disposition of the action may impair her ability to protect her interest. Even assuming Applicants had an interest to protect—which they do not for the reasons stated above—they are not so situated that the disposition of the action, as a practical matter, may impede or impair their ability to protect that interest. *Leavitt*, 488 F.3d at 910 (citation omitted). The Eleventh Circuit "has noted that the ability

to separately litigate defeats the impairment element." *Burke*, 833 F. App'x at 293

(citing *Worlds v. Dep't of Health & Rehab. Servs.*, 929 F.2d 591, 594 (11th Cir.

1991); *Anderson Columbia Env't, Inc. v. United States*, 42 Fed. Cl. 880, 882 (1999)).

If Applicant wanted to assert claims in a separate action to require Landmark to take

certain action as it relates to the Policy, or to assert claims directly against Ms.

Betancur or Ms. Lu, nothing prevents them from doing so.  As such, their interests

have not been impaired.

> 3.    Applicants fail to demonstrate that their interests will not be represented adequately by the existing parties to the suit.

Finally, an intervenor as of right under Federal Rule 24(a)(2) must establish

that she is not adequately represented by the existing parties.  The Eleventh Circuit

presumes the intervenor's interest is adequately represented when an existing party

has the same "ultimate objective" as the intervenor.  *Burke*, 833 F. App'x at 293

(quoting *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing District*, 983

F.2d 211, 215 (11th Cir. 1993)).  Here, Applicants and Landmark have the same

ultimate objective, to have Admiral honor the Policy.

Nevertheless, Applicants argue that their interests are not fully represented or

protected, though they provide no rationale or factual support for this assertion.  As

the governing body of the Landmark Condominiums, Landmark adequately

represents the residents who have an interest in the community. Applicants have not

demonstrated that their status somehow demonstrates that Landmark does not

9

sufficiently represent them. Landmark is currently defending this lawsuit and, beyond that, has filed counterclaims against Admiral seeking to enforce the Policy and recover insurance proceeds to repair the Property. Applicants have only filed a proposed Answer with their Motion. (Doc. 37.) As such, Landmark is already representing Applicants' interests more than Applicants purport to do by themselves. Furthermore, Applicants have not demonstrated how their defense would be different than the defense provided by Landmark.

As the movant here, Applicants bear the burden of showing all four elements are satisfied for intervention as of right under Federal Rule 24(a)(2). They have failed to satisfy their burden. As such, their Motion to Intervene as of right should be denied.

### B.    The Court should deny the Motion to Intervene as of right.

Applicants' request for permissive intervention under Federal Rule 24(b)(1)(B) must also be denied under well-established Eleventh Circuit precedent. Permissive intervention may be granted upon "timely motion" to an applicant who "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). "[I]t is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention." *Worlds,* 929 F.2d at 595 (*quoting* 7C

Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1913, at 376-77 (2d ed. 1986)).

Here, Applicants have not identified a common question of fact or law between their alleged defenses and those at issue in this matter. *Burke*, 833 F. App'x at 294. Indeed, it is difficult to understand what any such defenses would be. Initially, Rule 24 requires a potential intervenor to submit a pleading with the motion to intervene. Here, Applicants have simply filed an Answer, they have not filed any affirmative claims such as the counterclaims filed by Landmark.

Applicants vaguely claim that such a common question exists because "Admiral and Intervenors are uncertain as to whether the amounts set forth in the proof of loss submitted by Defendant Landmark by and through Yali Lu on or about January 21, 2025 truly and accurately represent the reasonable and necessary costs to repair and/or replace damage to covered property as a result of the Loss." (Doc. 36 at p. 10.) They further state, "Admiral and the Intervenors are uncertain as to whether the damages sought by Defendant Landmark reflects exacerbated damages which occurred as a result of Yali Lu's failure to take all reasonable steps necessary to protect the Property in accordance with Defendant Landmark's Duties After Loss set forth in the Policy." (*Id.*) But, as discussed, these interests appear to align with Admiral as opposed to Landmark, which would go against their interests. The fact that Applicants cannot clearly articulate their interest demonstrates that their

11

involvement would unnecessarily complicate this matter. *See Aaroni v. Pettie (In re Aaroni),* No. 1:22-CV-4708-MHC, 2023 U.S. Dist. LEXIS 159900 at \*22 (N.D. Ga. Aug. 22, 2023) (denying permissive joinder where it would unnecessarily complicate action to permit intervenor movants to become parties to litigation when it is not even clear that they were intended beneficiaries of alleged trust when it was allegedly created).

Further, even if Applicants had identified a common question of law or fact in their Motion, they have "other adequate means of asserting [their] rights," including through separate litigation. *Worlds*, 929 F.2d at 595 n.20. As such, this Court should deny Applicants' Motion for permissive intervention.

## III.    CONCLUSION

For the reasons identified herein, Defendant respectfully requests that the Court deny the Motion to Intervene filed by Nicky Buggs and Fern-Terrell-Scott.

Respectfully submitted this 26th day of June 2025.

> */s/ Matthew N. Foree*
> Matthew N. Foree
> Georgia Bar No. 268702
> WILSON, ELSER, MOSKOWITZ,
> EDELMAN & DICKER LLP
> 3348 Peachtree Rd. NE Suite 1400
> Atlanta, GA 30326
> 470.419.6650 (Tel)
> 470.419.6651 (Fax)
> matthew.foree@wilsonelser.com
> *Counsel for Defendant*

314400060v.2

<u>/s/Michael B. Weinstein</u>
Michael B. Weinstein
Georgia Bar No. 746386
WEINSTEIN & BLACK, LLC
3050 Amwiler Road, Suite 200-C
Atlanta, GA 30360
(404) 228-2629 (O)
mike@wblegal.net
*Counsel for Defendant*

314400060v.2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ADMIRAL INDEMNITY COMPANY, | ) |
| | ) |
|    Plaintiff, | ) |
| | )  CIVIL ACTION NO. |
| v. | )  1:25-cv-00414-SEG |
| | ) |
| THE LANDMARK CONDOMINIUM | ) |
| ASSOCIATION, INC., | ) |
| | ) |
|    Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION TO INTERVENE** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants.

This 26th day of June, 2025.

*/s/ Matthew N. Foree*
Matthew N. Foree

314400060v.2