## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ADMIRAL INDEMNITY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE |
| vs. | ) ) ) | NO.: 1:25-CV-00414-SEG |
| THE LANDMARK CONDOMINIUM ASSOCIATION, INC., | ) ) ) | |
| Defendant. | ) ) | |

## **STIPULATED PROTECTIVE ORDER**

COME NOW, Admiral Indemnity Company ("Admiral" or "Plaintiff") and The Landmark Condominium Association, Inc. ("Landmark" or "Defendant") (collectively "the Parties" and individually, a "Party") hereby submit this Stipulated Protective Order and state as follow:

A. The Parties possess certain information and documents that contain confidential, proprietary, and/or trade secret pursuant to O.C.G.A. § 10-1-761 information that may be subject to discovery in this action, but that should not be made publicly available.

B. The Parties therefore request that the Court enter the following Protective Order to properly balance the discovery rights of the Parties with the

Parties' rights to protect their private, confidential, proprietary, or trade secret information.

The Court hereby **ORDERS**:

1. All production and disclosure of information designated as CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER by the Parties during this litigation shall be governed by this Order (collectively, "information").

2. Information subject to this Protective Order shall be designated CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER by the Parties by stamping "CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER" or otherwise indicating confidentiality, trade secret, or produced subject to this Protective Order, as appropriate, on the face of a single-page document, on every page of a multi-page document, and in a prominent location on the exterior of any tangible object. In accordance with this Court's Standing Order, documents designated as confidential will only be sealed as to specific portions of the document that contain or refer to confidential information. Information that should be included in the designation includes the case name, the court, the docket number, and the phrase 'confidential and subject to protective order. If the documents being produced are in electronic format, the designation should be in the form of a large watermark

that is placed diagonally across the document and the document should be rendered non-editable.

3.  With respect to deposition testimony, either Party may, either on the record at the deposition or by written notice to counsel for the other Party no later than thirty (30) days after receipt of the transcript of said deposition, designate portions of testimony as CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER. All testimony, regardless of whether designated as CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER on the record, shall be treated as CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER until thirty (30) days after receipt of the transcript of said deposition by all parties. Certain depositions may be designated CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER prior to being taken because of the anticipated testimony. **Furthermore, any document designated as CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER shall maintain that designation and the protections afforded thereto if introduced or discussed during a deposition**.

4.  The inadvertent or unintentional disclosure by a Party of information considered to be CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER shall not be deemed a waiver in whole or in part of that Party's claim of protection pursuant to this Protective Order, either as to the specific information disclosed or

as to any other information relating thereto. Any such inadvertently or unintentionally disclosed information shall be designated as CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER as soon as reasonably practicable after either Party becomes aware of the erroneous disclosure and shall thereafter be treated as such by all receiving persons absent re-designation pursuant to Court order. Upon receipt of the properly designated documents, the recipient must return or destroy the non-designated set within three (3) days. If the recipient destroys the documents, then the recipient must provide written certification of the destruction to the producer of the information within three (3) days of receipt of the properly designated documents. In addition, the production or disclosure by either Party of an attorney-client privileged, attorney work product, or other protected document or information, whether inadvertent or otherwise, shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by the producing or disclosing Party in this or any subsequent state or federal proceeding regardless of the circumstances of disclosure. If any Party becomes aware of the production or disclosure of such protected information, that Party shall provide written notice of such production or disclosure within three (3) days after it becomes aware that protected information has been disclosed or produced.

5. When information which is CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER is presented, quoted, or referenced in any motion, deposition, hearing, trial, or other proceeding, counsel for the offering Party shall make arrangements or, when appropriate, request the Court to make arrangements, to ensure that only persons entitled to such information pursuant to Paragraph 9 are present during such presentation, quotation, or reference. The Parties will revisit procedures for sealing trial testimony addressing confidential information and trade secret closer to trial and in the Consolidated Pre-Trial Order.

6. Any documents (including briefs), tangible things, or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by compliance with the Court's Procedures for Electronic Filing Under Seal in Civil Cases.

7. Subject to the requirements of Paragraph 11 of this Agreement, no person receiving information designated as CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER shall disclose it or its contents to any person other than those described in Paragraph 9 below; no such disclosure shall be made for any purposes other than those specified in that paragraph; and in no event shall such person make any other use of such information. Counsel shall be responsible for

obtaining prior written agreement to be bound to the terms of this Agreement from all persons to whom any information so designated is disclosed, and shall be responsible for maintaining a list of all persons to whom any information so designated is disclosed and, for good cause shown, such list shall be available for inspection by counsel for the Parties upon order of the Court; provided, however, that the requirements of this sentence shall not apply to disclosures made pursuant to Paragraph 9(h) and/or Paragraph 11 of this Protective Order.

8.  Except as agreed by the Parties or as otherwise provided herein, including in Paragraph 9(h) and Paragraph 11 of this Protective Order, information designated as CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER shall (1) only be used in the preparation for trial and/or any appeal of this Action and (2) be maintained in confidence by the Party(ies) to whom it is produced and not disclosed by such Party(ies) except to persons entitled to access thereto pursuant to Paragraph 9 below. Except as provided in Paragraphs 9(h), 9(g), 9(k), and 11 of this Protective Order, information which is CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER may not be used by any person receiving such material for any business or competitive purpose or for use in matters other than this lawsuit, including other matters involving Admiral.

9. Information designated as CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER shall be disclosed only to the following persons:

 (a) attorneys actively working on or supervising the work on this case;

 (b) persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

 (c) the parties, including designated representatives and counsel for Admiral;

 (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case and the expert or consultant has signed a written acknowledgement attached as <u>Exhibit A</u>;

 (e) the Court and its employees ("Court Personnel");

 (f) stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

 (g) deponents, witnesses, or potential witnesses, who have first-hand knowledge of the document and have signed a written acknowledgment attached as <u>Exhibit A</u>;

(h) the Georgia Division of Insurance, law enforcement officers, and/or other government agencies, as permitted or required by applicable state and federal law;

(i) a jury involved in litigation concerning the claims and any defenses to any claims in this lawsuit;

(j) anyone as otherwise required by law;

(k) as authorized by the parties specifically; and

(l) other persons by written agreement of the parties when the person has signed a written acknowledgement attached as <u>Exhibit A</u>.

10. Subject to Paragraph 11 of this Protective Order, the recipient of any information designated CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER pursuant to this Agreement shall maintain information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, and use of all such information.

11. Nothing in this Protective Order disallows Admiral's maintenance or use of information and documents in or pursuant to: its electronic claim system; the privacy requirements of the Georgia Division of Insurance and other applicable state and federal laws; the records retention requirements of the Georgia Division of Insurance, the Georgia Rules of Professional Conduct, or other applicable state and

federal laws; the records retention practices of Admiral; and any written Court Order. Further, nothing in this Protective Order disallows reporting of information by Admiral as permitted and/or required by applicable state and federal law, including reporting to the Insurance Services Office, Inc.

12. Either Party may, at any time during the pendency of this lawsuit, request from the other Party, in writing, the release of information designated as CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER from the requirements of the terms and provisions of this Protective Order. Upon receipt of such request, counsel for Admiral and counsel for Defendant shall attempt to meet and confer. If the parties are unable to agree as to whether the information at issue is properly designated CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER, any Party may raise the issue of such designation with the Court pursuant to the Court's Practice Standards. Any information submitted to the Court for review shall be submitted under seal and for in camera review. Pending a ruling from the Court, the initial designation shall control. Nothing in this Protective Order shall preclude any Party from responding to a validly issued subpoena, provided, however, that the Party responding to the subpoena shall provide written notice of such subpoena to the attorney of the Party that originally produced the documents within three (3) days of receipt of a subpoena, which seeks production or disclosure

of the information which is designated CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER. Production or disclosure of information which is designated CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER may not occur until the deadline set forth in a validly issued subpoena, absent agreement of the parties.

13. Nothing in this Protective Order shall be construed as a limitation on the use of evidence in a submission to the Court or at trial, subject to such confidentiality provisions as may be ordered by the Court. However, prior to utilizing or filing a document which is designated CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER, each Party must provide notice to the other of its intentions. The notified Party may then request that the document be filed with restricted access or under seal. Furthermore, any Party shall have the right to request that any hearing or portions thereof be conducted in camera. The Court shall retain jurisdiction to modify the terms of this Protective Order.

14. The obligations of this Protective Order shall survive the termination of this action and continue to bind the parties and their counsel. The Court will have continuing jurisdiction to enforce this Protective Order irrespective of the manner in which this action is terminated.

15. Within thirty (30) days of the final determination of this action, each person or Party who has received information designated CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER shall be obligated to return the same to the producing Party, including any copies, or to destroy such information and certify that it has been destroyed, subject to the legal requirements for maintenance and destruction of client files by the Parties' counsel. At the conclusion of the case, within 30 days, all documents and copies thereof that have been designated as confidential shall be returned, or the parties may elect to destroy confidential documents. If the parties agree to destroy confidential documents, the destroying Party shall provide all parties with an affidavit confirming destruction. Should any information designated CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER be maintained electronically, each person or Party who has received such information must destroy the same. If any Party is unable to destroy the information due to the nature of any software or statutory or proprietary record-keeping requirements, the Party retaining the information designated CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER must ensure that it is designated confidential and that a copy of this Protective Order is maintained with the information until such time as it may be destroyed or archived. This includes originals and all copies, duplicates, abstracts,

or reproductions of all information designated CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER.

16. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

17. Nothing in this Protective Order shall prohibit any Party from filing a motion seeking further or different protection from the Court, or from filing a motion with respect to the manner in which the information designated CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER shall be treated at trial.

18. Any Party wishing to use any CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER information or document in any brief, memorandum, motion, affidavit, or other paper filed with the Court shall file the document under seal in the Court's E-filing system in accordance with the Court's Procedures for Electronic Filing Under Seal in Civil Cases.

_____
The Honorable Sarah E. Geraghty
United States District Court Judge

Respectfully submitted this 7th day of August 2025.

SWIFT CURRIE MCGHEE & HIERS, LLP

*/s/ Taylor C. Gore*
Jessica M. Phillips
Georgia Bar No. 922902
Taylor C. Gore
Georgia Bar No. 205817
*Attorneys for Plaintiff Admiral Indemnity Company*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:  404-874-8800
Jessica.phillips@swiftcurrie.com
Taylor.gore@swiftcurrie.com

WEINSTEIN & BLACK, LLC

*/s/ Michael B. Weinstein*
**(signed with express permission by Taylor Gore)**
Michael B. Weinstein
Georgia Bar No. 746386
David P. McDonald
Georgia Bar No. 217778
*Attorneys for Defendant The Landmark Condominium Association, Inc.*

3050 Amwiler Road
Suite 200-C
Atlanta, Georgia 30360
(404) 228-2629
Mike@wblegal.net
Dave@wblegal.net

# EXHIBIT A

# CONFIDENTIALITY AGREEMENT

I,_____, acknowledge that I may receive information designated as "CONFIDENTIAL" by the Party producing that information in discovery in the following action: *Admiral Indemnity Company v. The Landmark Condominium Association, Inc.*, United States District Court for the Northern District of Georgia, Atlanta Division, Civil Action File No. 1:25-CV-00414-SEG (the "Action").

I certify my understanding that if I receive this information, it will be provided to me pursuant to the terms and restrictions of the attached Protective Order entered on _____, 2025, in this Action (the "Order"). I further certify that I have been given a copy of and have read the terms of that Order and agree to be bound by its terms.

I understand that all documentary material which I receive containing information designated as "CONFIDENTIAL" and all working copies, computer data storage, digests, or abstracts prepared from this material, are to remain in my personal custody until I have completed my assigned duties, if any, whereupon all such material and all notes made by me containing any of this confidential

information are to be returned to the Party or counsel who provided the confidential information to me.

I agree that the confidential information I receive will not be disclosed to anyone else and that this information will not be used for any purpose other than preparation for and trial or appeal of the Action.

I understand that any violation of this Order may subject me to sanctions by the Court. I further agree and submit myself to the jurisdiction of the Court for all matters concerning enforcement or violation of the Order.

Signed this _____ day of _____, 2025.

Signed: _____

Print name: _____

Address: _____

## **LOCAL RULE 5.1(C) CERTIFICATION**

By signature below, counsel certifies that the foregoing pleading was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1(C).

Respectfully submitted this 7th day of August 2025.

                                              SWIFT CURRIE MCGHEE & HIERS, LLP

                                              */s/  Taylor C. Gore*
                                              Jessica M. Phillips
                                              Georgia Bar No. 922902
                                              Taylor C. Gore
                                              Georgia Bar No. 205817
                                              *Attorneys for Plaintiff Admiral Indemnity Company*

1420 Peachtree Street, NE
Suite 800
Atlanta, GA   30309
Tel:   (404) 874-8800
jessica.phillips@swiftcurrie.com
taylor.gore@swiftcurrie.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have electronically filed the foregoing **STIPULATED PROTECTIVE ORDER** with the Clerk of Court by e-filing same using the CM/ECF System, which will notify all counsel of record, including:

Michael B. Weinstein
David P. McDonald
Weinstein and Black
3050 Amwiler Road, Suite 200-C
Atlanta, GA 30360
mike@wblegal.net
dave@wblegal.net
*Attorneys for Defendant*

This 7th day of August 2025.

SWIFT CURRIE MCGHEE & HIERS, LLP

/s/ Taylor C. Gore
Jessica M. Phillips
Georgia Bar No. 922902
Taylor C. Gore
Georgia Bar No. 205817
*Attorneys for Plaintiff Admiral Indemnity Company*

1420 Peachtree Street, NE
Suite 800
Atlanta, GA   30309
Tel:   (404) 874-8800
jessica.phillips@swiftcurrie.com
taylor.gore@swiftcurrie.com

4927-2578-7226, v. 1
4927-2578-7226, v. 1
4927-2578-7226, v. 1