UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
JUL 25 2025
KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| ADMIRAL INDEMNITY COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> THE LANDMARK CONDOMINIUM ASSOCIATION, INC., <br><br> Defendant. | Civil Action File No.: 1:25-cv-00414-SEG |

# INTERVENORS' JOINT REPLY IN OPPOSITION TO DEFENDANT'S RESPONSE TO MOTION TO INTERVENE

NOW COME, INTERVENORS, NICKY BUGGS and FERN TERRELL-SCOTT, each appearing pro se, and jointly submit the following motion. Each intervenor represents only themselves. Joint Reply in Opposition to Defendant's Response in Opposition to Motion to Intervene, and further move this Court to immediately remove any erroneous liability linkage to privately owned spaces and unauthorized business operations.

It has come to our attention that the council of record (Firm) has indicated that a withdrawal process is scheduled to begin on July 25, 2025. As such, Interveners found it necessary to respond in compliance apropos to the timeframe of this matter.

*Admiral Indemnity Company v. The Landmark Condominium Association, Inc.*
US District Court Northern District of Georgia | CAFN: 1:25-cv-00414-SEG
*Intervenors' Joint Reply in Opposition to Defendant's Response to Motion to Intervene*
Page **1** of **10**

Notably Defendant Landmark made mention that Fern Terrell-Scott's intervention regarding an Injunction (filed by a separate group of Landmark homeowners) was denied in Superior Court Case No. 24CV015396, without disclosing the fact that it's Motion to Dismiss was denied at the same hearing on or about June 20th, 2025.

The Due Process Clause of the Fourteenth Amendment is a cornerstone of American constitutional law. It binds states to respect both procedural fairness and substantive liberty, and offers a mechanism for incorporating most foundational federal rights into state law. Courts continue to construe and contest the limitations of what constitutes "fundamental" liberty under the Constitution. See case *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982). "The hallmark of property... is an individual entitlement grounded in state law, which cannot be removed except for cause."

## I. REPLY TO DEFENDANT'S OPPOSITION

### 1. Intervenors Have Demonstrated Sufficient Interest

Contrary to Defendant's assertions, Intervenors have clearly established their right to intervene under Federal Rule of Civil Procedure 24(a)(2):

*Admiral Indemnity Company v. The Landmark Condominium Association, Inc.*
US District Court Northern District of Georgia | CAFN: 1:25-cv-00414-SEG
*Intervenors' Joint Reply in Opposition to Defendant's Response to Motion to Intervene*
Page **2** of **10**

A. **Direct Property Interest**: As homeowners and residents at The Landmark Condominium property located at 215 Piedmont Avenue NE, Atlanta, Georgia, we have direct property interests that will be substantially affected by the outcome of this insurance coverage dispute.

B. **Financial Impact**: The resolution of this insurance claim directly impacts our financial obligations, including potential special assessments, substantial liens, repair costs, and the adequacy of insurance coverage for our residential units.

C. **Coverage Concerns**: We have legitimate concerns about whether the proof of loss amounts submitted by Defendant Landmark through Yali Lu and Alexandra Betancur on January 21, 2025, accurately represent reasonable and necessary costs for our residential property interests.

## 2. Inadequate Representation by Existing Parties

A. **Authority Questions**: We have valid concerns regarding whether Yali Lu and Alexandra Betancur have proper authority to act on behalf of all residential owners, particularly given the disparate treatment between residential and business interests in the property.

B. **Conflicting Interests**: The Landmark Condominium Association's interests may conflict with those of residential homeowners regarding: The scope and

*Admiral Indemnity Company v. The Landmark Condominium Association, Inc.*
US District Court Northern District of Georgia | CAFN: 1:25-cv-00414-SEG
*Intervenors' Joint Reply in Opposition to Defendant's Response to Motion to Intervene*
Page 3 of 10

adequacy of insurance coverage claims, Proper mitigation efforts and duties after loss, Allocation of insurance proceeds between different classes of owners

C. **Class Representation**: We represent a distinct class of residential homeowners whose interests differ from those of the Board of Directors and short-term rental operators in the Property.

### 3. Impairment of Interests Without Intervention

A. **Decision-Making Authority**: Without intervention, decisions affecting our residential property interests may be made without adequate input from residential homeowners.

B. **Settlement Authority**: Any settlement or coverage determination may not adequately protect residential homeowners' interests if we are not represented as parties.

C. **Future Assessments**: Coverage determinations made without our participation could result in inadequate insurance proceeds and increased financial obligations for residential owners.

### II. MOTION TO PREVENT ERRONEOUS LIABILITY LINKAGE

**WHEREFORE,** while asserting our right to intervene as legitimate stakeholders, we respectfully move this Court to ensure that this insurance coverage dispute remains focused on proper parties and issues, specifically:

*Admiral Indemnity Company v. The Landmark Condominium Association, Inc.*
US District Court Northern District of Georgia | CAFN: 1:25-cv-00414-SEG
*Intervenors' Joint Reply in Opposition to Defendant's Response to Motion to Intervene*
Page **4** of **10**

## A. Elimination of Unsubstantiated Liability Claims

1. This matter should remain focused on the legitimate insurance coverage dispute between Admiral Indemnity Company, Yali Lu (Landmark Condominium HOA President) and LuLu Homes Co-Owner, Rachel Lu also Co-Owner of LuLu Homes and Angela McGill owner of private space C5 in the lobby (first floor) of the Landmark Condominium and origin locale of the January 17, 2024 fire incident.

2. Any attempts to expand liability to parties with no nexus to connection of fi e loss should be rejected.

3. The Court should prevent any erroneous linkage of liability to privately owned spaces where no legitimate basis for such liability exists.

## B. Prevention of Unauthorized Business Operation Claims

1. This insurance coverage dispute should not be expanded to include unsubstantiated claims regarding unauthorized business operations. See Declaration of Condominium for The Landmark Condominium Landmark By-Laws Declaration, *Use Restrictions*. The units on floors numbered 2-22 at The Landmark Condominium shall be and are restricted exclusively to residential use and no business may be conducted upon the condominium property.

*Admiral Indemnity Company v. The Landmark Condominium Association, Inc.*
US District Court Northern District of Georgia | CAFN: 1:25-cv-00414-SEG
*Intervenors' Joint Reply in Opposition to Defendant's Response to Motion to Intervene*
Page **5** of **10**

See *Short Term Rental Owners Association of Georgia, Inc. v. Cooper et al*, 2:19-CV-00108-RWS, 515 F. Supp. 3d 1331 (N.D. Ga. 2020), STROAGA and a homeowner challenged Forsyth County's zoning ban on short-term rentals of fewer than 30 days, claiming they had a grandfathered right to continue operating. The court ruled that such rentals were not previously lawful under the old ordinance, so the plaintiffs could not claim grandfathered rights. The ban was upheld. Courts have upheld that Airbnb violates residential-only covenants when there is no long-term tenancy, regular guest turnover and businesslike operation (ads, housekeeping, check-ins).

2. Any such claims lack factual foundation and would improperly complicate what should be a straightforward insurance coverage matter.

3. The focus should remain on the January 17, 2024 fire loss and the proper interpretation of the insurance policy coverage and true liability.

## C. Judicial Economy and Proper Scope

1. Limiting this case to proper parties - Admiral Indemnity Insurance, The Landmark Condominium Association, and affected homeowners like ourselves - serves judicial economy.

*Admiral Indemnity Company v. The Landmark Condominium Association, Inc.*
US District Court Northern District of Georgia | CAFN: 1:25-cv-00414-SEG
*Intervenors' Joint Reply in Opposition to Defendant's Response to Motion to Intervene*
Page **6** of **10**

2. Preventing expansion to unrelated liability theories protects all parties from unnecessary litigation costs and delay.

3. The real issues are liability, insurance coverage, proof of loss adequacy, and proper representation of homeowner interests.

## III. TIMELINESS AND PROCEDURAL COMPLIANCE

### 1. Timely Filing

Our Motion to Intervene was filed promptly after learning of potential inadequate representation of residential homeowner interests in this coverage dispute. The lawsuit by Admiral Indemnity Insurance was independently discovered, as the HOA concealed the matter, until after the MOTION TO INTERVENE was filed.

### 2. Rule 24 Compliance

We have satisfied all requirements under Federal Rule of Civil Procedure 24(a)(2):

- Timely application
- Sufficient interest in the subject matter
- Potential impairment of our ability to protect that interest
- Inadequate and Self-Dealing representation by existing parties

## IV. PRAYER FOR RELIEF

**WHEREFORE,** Intervenor-Applicants respectfully request that this Court:

A. **GRANT** our Motion to Intervene as parties defendant;

*Admiral Indemnity Company v. The Landmark Condominium Association, Inc.*
US District Court Northern District of Georgia | CAFN: 1:25-cv-00414-SEG
*Intervenors' Joint Reply in Opposition to Defendant's Response to Motion to Intervene*
Page 7 of 10

B. **DENY** Defendant's Response in Opposition to Motion to Intervene;

C. **LIMIT** the scope of this litigation to the legitimate insurance coverage dispute and proper parties;

D. **PREVENT** any erroneous expansion of liability to parties with no legitimate connection to fire loss;

E. **REJECT** any unsubstantiated claims regarding unauthorized business operations that would improperly complicate this insurance coverage matter;

F. **ALLOW** us to participate as party defendants to ensure proper representation of residential homeowner interests; and

G. Grant such other and further relief as this Court deems just and proper

*Admiral Indemnity Company v. The Landmark Condominium Association, Inc.*
US District Court Northern District of Georgia | CAFN: 1:25-cv-00414-SEG
*Intervenors' Joint Reply in Opposition to Defendant's Response to Motion to Intervene*
Page **8** of **10**