**EXHIBIT A**

Fulton County Superior Court
\*\*\*EFILED\*\*\*MH
Date: 8/1/2019 4:52 PM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| 215, LLC; 303, LLC; 1809 LLC; AICON PROPERTIES, LLC; ERIC CHAN, ERNEST CHAPMAN, FAIZAN REAL ESTATE, LLC, GREENLINK MARITIME SERVICES, LTD, INC; JARED HERNDON; INNOTECH LLC; SUN JUEPING; CAROL KIRBY; KENNETH KRAFTEN; MARK KRESCH; MARIA LIGHTFOOT; PEACHTREE TOWERS, LLC; PIEDMONT CONDOMINIUM, LLC' RACHEL LU; SHENGSHAN LU; YALI LU; NADIR PANJWANI; CALVIN PHAN; GEORGI RALEV; CLAY SNIDER; VINCINIA PROPERTIES, LLC; JAMES WANG,<br><br>Plaintiffs,<br>v.<br><br>LANDMARK CONDO HOA, INC., WESLEY DUNN, JO KAPLAN, JAMES VINCENT, GERALD GREENE, AND FREDDIE POWELL-SIMS,<br><br>Defendants. | CIVIL ACTION FILE NO. 2019CV318186 |

**DEFENDANTS'/COUNTERCLAIMANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS ON COUNT I OF COMPLAINT AND CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNT I OF PLAINTIFFS' COMPLAINT AND AS TO COUNT II OF DEFENDANTS' COUNTERCLAIMS**

COME NOW Landmark Condominium HOA, Inc., Wesley Dunn, Jo Kaplan, James Vincent, Gerald Greene, and Freddie Powell-Sims ("Defendants" or "Counterclaimants"), Defendants/Counterclaimants in the above-styled civil action, and oppose Plaintiffs' Motion for Judgment on the Pleadings on Count I of Plaintiffs' Complaint showing the Court the following in

opposition thereto, and hereby cross-move the Court for Judgment on the Pleadings as to Count I of Plaintiffs' Complaint and Count II of Defendants' Counterclaims as follows.

## INTRODUCTION

This is a case in which landowners in a condominium who are dissatisfied with the terms of the Declaration of Condominium, By-Laws, and/or the rules promulgated by the Home Owners Association Board relating to short-term rentals are attempting to restrict the power of the Home Owners Association so that they can use their condominium units for nightly short-term rental businesses like rooms at a hotel, and thereby create a nuisance for the remaining owners and residents in the building.

At the heart of this matter is the language in the HOA Declaration of Condominium ("Declaration") and By-Laws of the Landmark Condominium Association ("By-Laws"). Both documents give the HOA essentially unfettered authority to promulgate rules on behalf of the HOA, and the HOA has done so consistent with those documents in restricting and prohibiting condominium short-term rentals of less than thirty days. Nothing that the HOA has done is inconsistent with either the Declaration or By-Laws because both documents explicitly allow the HOA enormously wide authority to regulate uses and rentals in the building. The arguments Plaintiffs make in their Motion for Judgment on the Pleadings turn the language in the Declaration and By-Laws on its head. Plaintiffs' make their most egregious legal error in arguing that because the Declaration generally permits the HOA to allow rental of units, Plaintiffs have an unfettered right to rent their units without any restrictions imposed by the HOA. Moreover, one of the main legal authorities upon which Plaintiffs rely has no bearing on this case whatsoever.

For all the reasons discussed in detail herein, the Court should deny Plaintiffs' Motion for Judgment on the Pleadings as to Count I of their Complaint, and instead grant Defendants' Motion

for Judgment on the Pleadings as to Count I of Plaintiffs' Complaint and Count II of Defendants' Counterclaims.

## STATEMENT OF THE CASE AND FACTS[1]

Plaintiffs, including nine corporations, are owners of condominiums at the Landmark Building located at 215 Piedmont Avenue NE, Atlanta, Georgia 30308. (Complaint, ¶¶ 1-2.) Defendants are the Home Owners Association ("HOA") and the members of its Board of Directors. (Complaint, ¶¶ 3-8.) Plaintiffs filed this action on March 15, 2019, together with a Motion for Preliminary Injunction. On June 3, 2019, Defendants filed a Brief in Opposition to said Motion for Preliminary Injunction and filed their Answer and Counterclaims against Plaintiffs. Defendants' Counterclaims include a claim for abatement of nuisance (Count I), a declaratory judgment claim (Count II), a claim for nuisance damages (Count III), and a claim for attorneys' fees and costs (Count IV). Perhaps sensing that their Motion for Preliminary Injunction was unlikely to succeed, Plaintiffs filed a Motion for Judgment on the Pleadings on July 3, 2019, seeking judgment on Count I of Plaintiffs' Complaint (Declaratory Judgment). In this Cross-Motion for Judgment on the Pleadings, Defendants seek judgment in their favor on Count I of Plaintiffs' Complaint (Declaratory Judgment) and on Count II of their Counterclaims (Declaratory Judgment).

The relationship between the parties to this case is governed by a Declaration of Condominium and associated documents dated November 20, 1982 and filed with the deed records of the Fulton County Superior Court on January 13, 1983. (Complaint, Exhibit A at Book 8348, pp. 211 – 241.) Also governing are the Condominium Association By-Laws, presumably of the

---

[1] The Statement of Facts will cite primarily to the record and to exhibits to Plaintiffs' Complaint. The facts alleged in the body of Plaintiffs' Complaint are woven with unnecessary facts, invective, and hyperbole. In order to present the necessary facts in an accurate and unbiased manner, Defendants will rely primarily upon said exhibits, which govern both cross-motions for judgment on the pleadings.

same date. (Complaint, Exhibit A at Book 8348, pp. 242-263.) Although there are amendments to both documents, none of the amendments are currently at issue in this case.[2] All of these documents and the amendments thereto were drafted and filed at a time before the World Wide Web began allowing convenient nightly rentals of nearly any property thereby creating many problems for surrounding landowners.

The provisions of the Declaration that are relevant to this case are as follows.[3]

> 6.     <u>Use Restrictions</u>.  <u>The units on floors numbered 2-22 at The Landmark Condominium shall be and are restricted exclusively to residential use and no business may be conducted upon the condominium property.</u>  The units in the lobby and basement shall be used for nonresidential purposes only.  Other restrictions regarding use of all units are as follows: ...

(Complaint, Exhibit A, Book 8348, pp. 217-218 emphasis added.)

> c.     No advertising signs, billboards unsightly objects, or <u>nuisances</u> shall be erected, placed or permitted to remain on the condominium property, <u>nor shall the property be used in any way or for any purpose which</u> may endanger the health or <u>unreasonably disturb the owner of any unit or resident thereof</u>.

(Complaint, Exhibit A, Book 8348, p. 219 emphasis added.)

> g.     <u>Use Restrictions and rules and regulations may be enforced by the imposition of reasonable monetary fines and suspension of use and voting privileges as provided in Section 13 of the Act</u>.  <u>These powers, however, shall not be construed as limiting any other legal means of enforcing the Use Restrictions or rules and regulations of the Association</u>.  Any fines so imposed shall be considered an assessment against the unit and may be collected in the manner provided for collection of other assessments. ...

---

[2] Plaintiffs attached the By-Laws, Declaration, associated documents, and the amendments thereto collectively as Exhibit A to their Complaint, rather than as separate exhibits. In addition, Plaintiffs attached the By-Laws before the Declaration, even though the By-Laws follow the Declaration in the deed book records. In order to address the resulting problem of referencing these documents Defendants will cite herein to the deed book and deed book page where the cited material can be found as the deed book number and page are marked on each page of Exhibit A.

[3] Interestingly, although Plaintiffs repeatedly characterize the Declaration and By-Laws in their Brief, they completely ignore all sections of the Declaration and By-Laws other than Section 13 (b) of the Declaration. Indeed, the attachments to Plaintiffs' Brief omit many of the important sections of the Declaration and By-Laws and point the Court's attention to only two sections. In so doing, Plaintiffs paint an inaccurate picture of the underlying documents for the Court, as the overwhelming majority of the provisions contained in both of those documents support Defendants' arguments and conflict with Plaintiffs' position.

(Complaint, Exhibit A, Book 8348, p. 220 emphasis added.)

> 8. <u>Additional Rights and Restrictions</u>. In addition to the restrictions above, <u>the Association shall have the right to make and to enforce reasonable rules and regulations governing the use of the condominium</u>, including regulation of parking on the common elements. This right shall include the right to impose and assess fines, and to suspend use privileges as permitted by Section 13 of the Act to enforce rules and regulations as adopted. …

(Complaint, Exhibit A, Book 8348, pp. 220-221.)

> 13. <u>Sales and Leases</u>. In order to assure proper association membership records and reduce costs of updating association records, the sale or leasing of a unit by any owner shall be subject to the following provisions so long as the property shall be owned in accordance with the terms and conditions of this Declaration and the Georgia Condominium Act:
>
> (a) <u>Notice Provisions</u>. Prior to the sale or lease of any unit, the owner thereof shall give notice in writing to the Board of Directors of such sale or lease, stating the name and address of the purchaser or lessee and such other information as the Board may reasonably require. <u>The Board of Directors shall have authority to make and to enforce reasonable rules and regulations in order to enforce this provision, including the right to impose fines constituting a lien upon the unit sold or leased, pursuant to Section 41 of the Georgia Condominium Act</u>.
>
> (b) <u>Leasing Provisions</u>. Units may be rented only in their entirety; no fraction or portion may be rented. All leases and lessees are subject to the provisions of these By-Laws. The unit owner should make available to the tenant copies of the condominium documents, including the Declaration, By-Laws, and rules and regulations. …

(Complaint, Exhibit A, Book 8348, pp. 227-228.) Thus, while the Declaration does not prohibit leases of units, it also does not give specific rights to lease units either, preferring instead to leave regulation of leasing up to the HOA Board. It also clearly restricts the units on floors 2-22 to exclusively residential use, prohibits business use of units, prohibits nuisances and uses that unreasonably disturb the owner of any unit or resident thereof, and permits the Association to make and enforce reasonable rules and regulations governing the use of the condominium.

The By-Laws are even more explicit in their grant of power to the Board of Directors. The By-Laws that are relevant to this Motion are as follows:

> Section 6. <u>Purpose</u>. The Association shall have the responsibility of administering the condominium, establishing the means and methods of collecting the contributions to the common expenses, arranging for the management of the condominium and performing all of the other acts that may be required to be performed by the Association by the Georgia Condominium Act and the Declaration. <u>Except as to those matters which either the Georgia Condominium Act, the Declaration, or the Georgia Non-Profit Corporation Code specifically require to be performed by the vote of the Association, the administration of the foregoing responsibilities shall be performed by the Board of Directors as more particularly set forth below</u>.

(Complaint, Exhibit A, Book 8348, p. 247 emphasis added.)

> Section 12. <u>Powers and Duties</u>. <u>The Board of Directors shall manage the affairs of the Association and shall have all the powers and duties necessary for the administration of the condominium and may do all such acts and things as are not by the Declaration, Articles of Incorporation, or these By-Laws directed to be done and exercised exclusively by the members. The Board shall have the power to adopt such reasonable rules and regulations as it deems necessary and appropriate for the governance of the condominium or the administration of the affairs of the Association</u> and to impose sanctions for violations thereof, including, but not limited to, monetary fines.

(Complaint, Exhibit A, Book 8348, pp. 251-252 emphasis added.)

Article VIII

Use Restrictions and Rule Making

> Section 1. <u>Authority and Enforcement</u>. The condominium shall be used only for those uses and purposes set out in the Declaration. <u>The Board of Directors shall have the authority to make and to enforce reasonable rules and regulations governing the conduct, use, and enjoyment of units and the common elements, provided that copies of all such rules and regulations be furnished to all owners. The Board shall have the power to impose reasonable fines which shall constitute a lien upon the property and to suspend an owner's right to use the common elements</u> and to vote for any violation of any duty imposed under the Declaration, these By-Laws or any rules and regulations duly adopted hereunder.

(Complaint, Exhibit A, Book 8348, p. 261 emphasis added.) The By-Laws are generally silent relating to leasing of units, but clearly grant the Board of Directors nearly unfettered authority to

- 6 -

craft reasonable rules and regulations relating to the use, conduct, and enjoyment of units within the condominium.

Beginning no later than October of 2015, the Landmark has had increasing problems with tenants and leasing issues in the building, in particular "the number of owners renting units like hotel rooms on a nightly basis," thus on October 21, 2015 HOA President Wesley Dunn wrote to landowners seeking their cooperation in putting an end to nightly renting of units. (Complaint, Exhibit C.) The letter cited the numerous problems which occur at the building due to the nightly rentals and recited the power of the Board of Directors to promulgate additional rules and regulations to address the many problems caused by overnight rentals. (Id.) As the problems with nightly rentals increased, Mr. Dunn wrote a letter dated December 23, 2015 to owners requesting that short-term rentals of less than 30 days be halted because such a practice is a prohibited business use under Section 6 of the Declaration, and notifying owners that the failure to abide by this rule would result in fines of $100.00 and suspension of the use of the common areas. (Complaint, Exhibit E.)

As the problems with nightly rentals continued to worsen, Mr. Dunn wrote another letter to owners dated February 18, 2019 notifying them that the practice of short-term rentals through Airbnb.com or similar rental services violates Section 6 of the Declaration because it is a prohibited business use as demonstrated by the requirement of the City of Atlanta to obtain a business license and to pay occupation tax and hotel/motel tax. (Complaint, Exhibit F.) Moreover, he notified the owners that the Association's Rules and Regulations provide that "short term (nightly) rental of a unit individually, through services such as Airbnb, or any similar means, is in violation of the Use Restrictions imposed in Paragraph 6 of the Declaration." (Id.) The letter also informed owners that such short-term rentals violate Section 6 (c) of the Declaration in that they make use of the

units in a way which may endanger the health or unreasonably disturb the owner of any unit or resident thereof. (Id.) Mr. Dunn's letter requested that owners cease said practice within 10 days, or face fines, loss of access to common areas, and/or a lawsuit. (Id.)

Although Plaintiffs' Complaint and Motion contain numerous additional factual allegations, they are generally extraneous and irrelevant to the determination of Plaintiffs' Motion or this cross-motion.

## ARGUMENT AND CITATION OF LAW

Plaintiffs' case for judgment on the pleadings is fatally flawed *ab initio* because their position assumes that they have a *right* to lease their property for any term length that cannot be abridged by the Board of Directors through rules, interpretation of the Declaration, reasonable regulation, or any other means. Plaintiffs' arguments are clearly fallacious unless their right to lease their units is untouchable in any respect by the HOA or its Board, a legal conclusion that differs greatly than the standard put forth by Plaintiffs in their Motion for Judgment on the Pleadings. See Plaintiffs' Motion at p. 2 (wherein Plaintiffs allege that the Declaration, By-Laws, and Rules *do not prohibit* Plaintiffs from leasing or sub leasing their units) and Plaintiffs' Brief at p. 7 (wherein Plaintiffs state that the HOA documents *permit* leases.) Plaintiffs' implied conclusion that their right to lease cannot be fettered in any way is completely unsupported by the Declaration or the By-Laws, and thus it is clearly an unreasonable one. Because both documents instead give unfettered authority and discretion to the Board of Directors to promulgate reasonable rules and regulations relating to use of the units, Plaintiffs simply cannot prevail on Count I of their Complaint, or on Count II of Defendants' Counterclaims.

## I.   Standard for Judgment on the Pleadings

O.C.G.A. § 9-11-12 (c) specifically permits parties to file motions for judgment on the pleadings after the pleadings are closed but within such time as not to delay trial. The grant of a motion for judgment on the pleadings under O.C.G.A. § 9-11-12 (c) is proper only where there is a complete failure to state a cause of action or defense. For purposes of the motion, all well-pleaded material allegations by the nonmovant are taken as true, and all denials by the movant are taken as false. But the trial court need not adopt a party's legal conclusions based on those facts. Caldwell v. Church, 341 Ga. App. 852, 856, 802 S.E. 2d 835 (2017) (quoting Hall v. Sencore, Inc., 302 Ga. App. 367, 691 S.E.2d 266 (2010). In considering a motion for judgment on the pleadings, a trial court may consider exhibits attached to and incorporated into the pleadings, including exhibits attached to the complaint or the answer. Caldwell, 341 Ga. App. at 857.

## II.   Defendants, Not Plaintiffs, Are Entitled to Judgment on the Pleadings

Plaintiffs' arguments are clearly erroneous because Plaintiffs attempt to paint Section 13 of the Declaration as saying something it does not say, and because Plaintiffs refuse to harmonize the provisions of the Declaration and By-Laws in a way that makes sense. Plaintiffs' resulting arguments are nothing more than a red herring that distracts from any true analysis of the underlying documents. Instead, this is a simple case because the provisions of the Declaration and By-Laws can easily be completely harmonized in a way that gives effect to <u>all</u> their relevant provisions, rather than just Section 13 of the Declaration.

### 1.   Georgia Law Gives Full Power to HOA's Under Declarations and By-Laws

Under Georgia's Condominium Act, every unit owner and all those entitled to occupy a unit must comply with all lawful provisions of the condominium instruments. O.C.G.A. § 44-3-76. Moreover, any unit owner and all those entitled to occupy a unit must comply with any

reasonable rules or regulations adopted by the association pursuant to the condominium instruments which have been provided to the unit owners, and with the lawful provisions of the bylaws of the association. O.C.G.A. § 44-3-76. In the context of decision making by homeowners associations and condominium associations, Georgia's Supreme Court has held that "[w]here, as here, the declaration delegates decision-making authority to a group and that group acts, the only judicial issues are whether the exercise of that authority was procedurally fair and reasonable, and whether the substantive decision was made in good faith, and is reasonable and not arbitrary and capricious. Saunders v. Thorn Woode Partnership, L.P., 265 Ga. 703, 704, 462 S.E.2d 135 (1995); Spratt v. Henderson Mill Condo. Ass'n, 224 Ga. App. 761, 763, 481 S.E.2d 879 (1997).

Here, it should be undisputed that under the provisions of the Declaration and By-Laws cited above, the Landmark HOA, acting though its Board of Directors, has nearly unfettered authority to enact rules and regulations relating to the use of the condominium units, provided that their rules are not contrary to the provisions of the Declaration and By-Laws. See Complaint, Exhibit A, Book 8348, p. 220 (Declaration Section 6 (g)); Book 8348, p. 220-221 (Declaration Section 8); Book 8348, p. 247 (By-Laws Article I, Section 6); Book 8348, p. 251-52 (By-Laws Article IV, Section 12); Book 8348, p. 261 (By-Laws Article VIII, Section 1). Most importantly, Article VIII, Section 1 of the By-Laws gives the HOA Board of Directors the unrestricted authority "to make and to enforce reasonable rules and regulations governing the conduct, use, and enjoyment of units and the common elements," provided that copies are furnished to all owners. Article VIII, Section 1 of the By-Laws lines up exactly with Section 8 of the Declaration, which gives the HOA the exact same powers. Given such a wide scope of authority and given the power provided to the HOA by O.C.G.A. § 44-3-76, the only possible questions are whether the rules

enacted by Landmark's HOA Board relating to short term rentals are reasonable, and whether they have been furnished to all owners.

Plaintiffs have made no allegation whatsoever in their Complaint that the rules of the HOA have not been provided to all unit owners. To the contrary, Plaintiffs are complaining specifically about the HOA rules that they allege they have been provided to them, and their complaint is rife with evidence that all owners have indeed been provided all the applicable HOA rules relating to short-term rentals. See Complaint at ¶¶ 20, 23, 24, 27, 28 and Exhibits C, E, and F. Plaintiffs also cannot credibly allege that the rules imposed by the HOA Board are not reasonable, particularly given the pronouncement in Section 6 (c) of Landmark's Declaration that nuisances are prohibited on condominium property, and that the condominium property cannot be used in any way or for any purpose which may endanger the health, endanger the safety, or unreasonably disturb the owner or resident of any unit. See Book 8348, p. 219 (Declaration Section 6 (c)). The letters attached to Plaintiffs' Complaint as exhibits show clearly all the quite reasonable concerns and problems caused by nightly short-term rentals. In effect, the short-term rentals have caused a nuisance condition for the other owners in the building, and a costly and unmanageable situation for the administration of the condominium. Plaintiffs may disagree with the rules imposed, but any free-thinking person would have to agree that placing some restrictions on leasing of units in a condominium building is reasonable.

This is especially true in light of the undeniable fact that the Declaration and By-Laws were drafted and filed long before the creation of the World Wide Web, and the advent of on-line short-term leasing through AirBnb and other similar services. Plaintiffs acknowledge this obvious fact in footnote 18 of their Brief. The Declaration and By-Laws give unfettered discretion to the HOA Board to deal with the possible nuisances and disruption that might be caused by future

technological advancements through the enactment of HOA rules and regulations and interpretation of the Declaration and By-Laws. Plaintiffs' implied argument that the Declaration restricts all regulation of unit leasing is belied by logic, but it is also unsupported by the language of the Declaration and By-Laws too.

Plaintiffs can nitpick as to whether the HOA has the right to interpret the Declaration in such a way as to hold that that short-term rentals are prohibited business uses under Section 6 of the Declaration, but such nitpicking becomes moot in light of the clear power and authority of the HOA Board of Directors to issue a rule (as it has indeed done) prohibiting leases of units for time periods of less than 30 days.[4] Defendants have clearly published the condominium rules and regulations prohibiting leases of less than 30 days to all owners, and this ends any legitimate inquiry under the facts pleaded in Plaintiffs' Complaint.

### 2. Georgia Contractual Law Demands that Defendants Prevail

The relationship between a condominium association and its unit owners is a contractual one, and the condominium instruments are analogous to an express contract between the unit owner/members and the condominium association. Ellington v. Gallery Condo. Ass'n, 313 Ga. App. 424, 425, 721 S.E.2d 631 (2011) (quoting Frantz v. Piccadilly Place Condo. Ass'n, 278 Ga. 103, 105 (2), 597 S.E.2d 354 (2004)). The documents should be strictly construed as they are written, giving the language its clear, simple, and unambiguous meaning. Ellington, 313 Ga. App. at 425 (quoting Bradford Square Condo. Ass'n v. Miller, 258 Ga. App. 240, 245 (1)(a), 573 S.E.2d

---

[4] Plaintiffs make much ado about a Georgia Supreme Court case holding that a local government cannot, consistent with the due process clause of the Georgia Constitution, enact an ordinance banning rentals of residential property for 30 days or less. Morgan County v. May, 305 Ga. 305, 824 S.E.2d 365 (2019). The Morgan County decision has absolutely no applicability here, given the complete absence in this case of constitutional issues, due process concepts, or local government regulation. Moreover, to the extent that Plaintiffs attempt to use this case to interpret the decades-old language of the Landmark Condominium Declaration as to the definition of "residential use," Plaintiffs again put forth a clear red herring. Section 6 of the Declaration bars any business from being conducted on the condominium property and is thus not directly tied to the definition of "residential use."

405 (2002)). Condominium instruments must be construed together and shall be deemed to incorporate one another. O.C.G.A. § 44-3-75 (d). Covenants are to be interpreted so as to give a reasonable, lawful, and effective meaning to all manifestations of intention by the parties rather than an interpretation which leaves a part of such manifestations unreasonable or of no effect. Sassafras Mt. Estates Prop. Owners Ass'n v. Gould, 302 Ga. App. 690, 691, 691 S.E.2d 600 (2010). In Georgia, the construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part. O.C.G.A. § 13-2-2; In re: Estate of Sims, 259 Ga. App. 786, 578 S.E.2d 498 (2003). Of course, the cardinal rule of contract construction is to ascertain the intention of the parties to the contract, and this is to be gathered from the entire contract, considering each provision in connection with others, and not giving the contract a construction which entirely neutralizes one provision if the provision is susceptible to another construction which gives effect to all of its provisions. Holcim (US), Inc. v. AMDG, Inc., 265 Ga. App. 818, 596 S.E.2d 197 (2004).

Although in their Brief Plaintiffs profess to accept these rules of contract construction, their position relating to the Declaration and By-Laws turns all these rules of Georgia contract construction law on their heads. Plaintiffs' argument can be summed up as follows: (1) Plaintiffs set up a straw man by alleging that Defendants have banned nightly rentals under Section 6 of the Declaration, (2) Plaintiffs contend that Section 13 of the Declaration would be meaningless if one were to accept Defendants' interpretation of Section 6 because Section 13 generally does not restrict leases, (3) Defendants' interpretation of Section 6 is therefore wrong, and (4) Plaintiffs completely ignore all of the remaining sections of the Declaration and By-Laws which empower the HOA and which are consistent with Defendants' position. Plaintiffs are incorrect for numerous reasons.

First, Defendants have not banned leases of units, but have instead reasonably restricted leases to more than thirty days. Defendants do not interpret Section 6 of the Declaration so as to put it in conflict with Section 13. Rather than placing the two sections in conflict, Defendants' position harmonizes the two sections as required by Georgia law while still regulating rentals. Section 13 of the Declaration permits leasing generally but affords no special "right" or protection to leasing of units. Instead, the HOA can permit leases of units under Section 13, subject to reasonable rules and regulations of the HOA Board, and only if leasing does not rise to the level of using the units as businesses as proscribed by Section 6. After all, leasing is a "use" of units which is governed by Section 6 and 6 (g) ("<u>Use Restrictions</u>") of the Declaration and Article VIII of the By-Laws ("Use Restrictions and Rule Making".)

Second, Defendants do not rely solely on Section 6 of the Declaration in restricting short-term rentals from the Landmark Condominium. Instead, the Condominium Board of Directors has utilized its power under the Declaration and By-Laws to enact rules and regulations relating to short-term rentals of units because of the extreme hardship that such rentals place on the management and contractors in the building. <u>See</u> Complaint, Exhibit F (citing to both Section 6 of the Declaration and to the rules and regulations of the Condominium.) Separate and apart from Section 6 of the Declaration, Defendants have utilized their rule-making power under the Condominium instruments to restrict rentals to more than 30 days. Nothing in either the Declaration or By-Laws restricts the power of the Board to issue rules and regulations relating to the length of leases in the building. If such a restriction did exist, Plaintiffs surely would have cited to it.

Third, all of the provisions of the Declaration and By-Laws quoted in this Brief show the intention of the parties not to give leasing some special exemption from rules and regulations of

the HOA, but instead to allow the HOA Board to regulate all uses, including leases of units, as it sees fit to avoid nuisances in the building and to avoid health and safety hazards and inconveniences to other unit owners and residents. Georgia law requires that all provisions of the Condominium instruments be interpreted so as to harmonize them. Nothing in those documents restricts the regulation of leases, and in fact the documents provide the HOA Board power and authority to regulate all uses (including those created by unexpected technological advancements) via rules, regulations, and reasonable interpretations of the instruments. Georgia law requires that the Court ascertain the intent of the parties, and here that intent, as shown by the entirety of the Condominium instruments, shows that the HOA Board was given the express authority to issue rules restricting unit leases. Defendants have reasonably interpreted the Declaration and By-Laws in a manner that consistently upholds all parts of both documents as required by O.C.G.A. § 44-3-75 (d), and as such are entitled to judgment on the pleadings.

### 3. The Court Should Not Consider the Newspaper Article Cited by Plaintiffs

On page 12 of their Brief, Plaintiffs cite to a newspaper article during an attempt to throw up yet another red herring argument relating to the activities of the Defendants. Defendants object to the consideration of the newspaper article in deciding the parties' cross-motions for judgment on the pleadings.

The newspaper article is clearly not evidence and is highly objectionable on grounds of hearsay and authentication. The facts relating to the issues referenced in the articles might be presented to the court via real admissible evidence at a hearing but are clearly not appropriate when presented via citation to newspaper articles in a motion for judgment on the pleadings setting. Moreover, it would be error for the Court to consider them at this stage of the litigation. In deciding a motion to dismiss, which carries the same general standards as a motion for judgment on the

pleadings, a trial court cannot consider anything other than the pleadings themselves. Petree v. Georgia DOT, 340 Ga. App. 694, 699, 798 S.E.2d 482 (2017) (citing Morrrell v. Wellstar Health System, 280 Ga. App. 1, 2, 633 S.E.2d 68 (2006)). Specifically, a trial court can only consider the answer, the complaint, and documents attached to either the answer or the complaint, provided that those documents are specifically incorporated therein by reference. Id. (citing Ezeoke v. FIA Card Services, 320 Ga. App. 73, 75, 739 S.E.2d 81 (2013)). Here, the newspaper article referenced in Plaintiffs' Brief was not attached to the answer or complaint or referenced therein. Therefore, even if it were admissible evidence (which it is clearly not) the Court should not consider the cited article.

## CONCLUSION

Plaintiffs willingly bought condominium units in the Landmark Condominium Building under a Declaration and By-Laws that give the HOA Board complete discretion to make rules for uses of the condominium units, as long as those rules are reasonable, do not violate the law, and do not violate the Declaration or By-Laws. Defendants have not banned leases from the building but have imposed very reasonable rules to avoid problems which the Declaration expressly prohibits within the building (nuisances, health and safety hazards, and disturbing other owners and residents). Seeking to make their units into cash cows, Plaintiffs seek to do exactly what Section 6 of the Declaration prohibits: make hotel-like businesses out of their units. When Defendants interrupted Plaintiffs' ride to riches to intervene on behalf of other owners and residents, building administration, and building contractors to avoid all of the problems caused by nightly rentals, Plaintiffs filed this lawsuit in an attempt to strip the HOA Board of all the power it is expressly given by the Declaration and By-Laws. The Court should deny Plaintiffs' motion for judgment on the pleadings as to Count I of their Complaint but should grant Defendants

judgment on the pleadings as to Count I of the Complaint and Count II of Defendants' Counterclaims.

This 1st day of August, 2019.

                                        **AKIN & TATE, P.C.**

                                        */s/ S. Lester Tate*
                                        S. Lester Tate
                                        Georgia Bar No.006450
                                        lester@akin-tate.com

                                        *Attorneys for Defendants/Counterclaimants*

11S Public Square
Cartersville, Georgia 30120
(770) 382-0780 (telephone)

                                        **FREEMAN MATHIS & GARY, LLP**

                                        */s/ Dana K. Maine*
                                        Dana K. Maine
                                        Georgia Bar No. 466580
                                        dmaine@fmglaw.com

                                        */s/ William J. Linkous III*
                                        William J. Linkous III
                                        Georgia Bar No. 453213
                                        wlinkous@fmglaw.com

                                        *Attorneys for Defendants/Counterclaimants*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing DEFENDANTS/COUNTERCLAIMANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS ON COUNT I OF COMPLAINT AND CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNT I OF PLAINTIFFS' COMPLAINT AND AS TO COUNT II OF DEFENDANTS' COUNTERCLAIMS to the Clerk of Court using the *Odyssey eFileGA* system which will automatically send electronic mail notification of such filing and service to the following counsel of record:

Joshua M. Moore
Odini M. Gogo
GOGO & MOORE, L.L.C.
541 10th Street NW # 213
Atlanta, GA 30308

This 1st day of August, 2019.

*/s/ William J. Linkous III*
William J. Linkous III
Georgia Bar No. 453213
dmaine@fmglaw.com

*Attorney for Defendants/Counterclaimants*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)
15750583